## Illinois Central Railroad Company v. Paducah Brewery Company.

(Decided February 10, 1914.)

### Appeal from McCracken Circuit Court.

1. Carriers—Carriage of Goods—Excessive Charges—Restitution.— Section 829 Kentucky Statutes authorizes the Kentucky Railroad Commission to render an award of reparation, requiring a carrier to make restitution to a shipper of any sum collected by the carrier in excess of a reasonable rate.

2. Constitutional Law—Delegation of Judicial Powers.—Section 829 so construed is not in conflict with Sections 27, 28, 109 and 135 of the Constitution 'of the State of Kentucky.   The power to make awards of reparation was possessed by the Commission before the adoption of the present Constitution, and was con tinued in force by Section 209 thereof.

3. Constitutional Law—Special Legislation.—Section 829 of Kentucky Statutes is not in conflict with Section 59 sub-section 1, of the Constitution of 'Kentucky; the purpose of this Constitutional limitation was to insure uniformity in the jurisdiction and practice of the circuit courts; and this purpose is not nullified by the provisions in Section 829, directing the clerk to issue a summons upon the award of the commission without the filing of a petition, nor by conferring exclusive jurisdiction upon the circuit courts in cases of awards by the Commission, irrespective of the amount in controversy, nor because of the restriction therein contained as to the evidence to be received in the circuit court.   Under this Section, the practice in one circuit court would be the same as in another; and it is not special legislation within the purview of the Constitutional limitation.

4. Constitutional Law—Due Process—Equal Protection.—Section 829 Kentucky Statutes is not in contravention of the Fourteenth Amendment to the Constitution of the United States because of the restriction therein contained as to the introduction of evidence in the circuit court, confining the evidence to that

heard before the Commission. The Fourteenth Amendment does not control mere forms of procedure in the State courts.

TRABUE, DOOLAN & COX, HENRY L. STONE, EDWARD S. JOUETT, BLEWETT LEE, R. V. FLETCHER and WHEELER & HUGHES for apellant.

W. F. BRADSHAW and HINES AND NORMAN for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

The Paducah Commercial Club, on June 6, 1911, filed with the Kentucky Railroad Commission, a complaint alleging that on May 1, 1911, the Illinois Central Railroad Company had raised its freight rate on steam coal between points in the Western Kentucky Coal District and the city of Paducah, from sixty cents to eighty cents per ton; that the increased rate was unreasonable; that any freight rate on said grade of coal between said points in excess of sixty cents per ton was unreasonable, unjust and extortionate; and praying that the Railroad Commission order the restoration of the sixty cent rate formerly in effect.

On December 6, 1911, upon the pleadings and evidence offered by the parties, the Commission entered an order fixing sixty cents per ton, the former rate, as the reasonable rate, which said railroad company might thereafter charge and collect for said service.

On March 18, 1912, appellee, The Paducah Brewery Company, filed in said proceeding before the Railroad Commission, its intervening petition, seeking restitution from the railroad company of the amount of the freight charges paid by it on steam coal from points in the Western Kentucky Coal District to Paducah, at the excessive rate, between May 1, 1911, when the rate was raised, and January 6, 1912, when the order of the Commission reducing the rate, went into effect; alleging that it had paid during said period $439.05 more than the said freight charges would have been, at the rate of sixty cents per ton. Thereafter, on May 7, 1912, by an amended petition, it increased the amount so claimed, to $481.16.

The railroad company and the Paducah Brewery Company then entered into a stipulation that the evidence introduced before the Railroad Commission upon the hearing of the original complaint of the Paducah Commercial Club, should be considered as heard by the

Commission in this proceeding; and, upon final hearing thereof, the Commission entered an order awarding the Paducah Brewery Company reparation in the sum claimed, $481.16 with interest from January 6, 1912.

The railroad company having failed and declined to satisfy this award, the chairman of the Commission transmitted to the clerk of the McCracken Circuit Court the record in said proceeding, pursuant to the provisions of section 829, Kentucky Statutes; and the said clerk thereupon issued process against the railroad company commanding it to appear and show cause, if any it had or could, why a judgment should not be entered against it upon the said award of the Commission.

The defendant company appeared, and by agreement of the parties, the action was submitted to the court for trial without the intervention of a jury. No evidence was offered by either party in the circuit court, except such as was produced before the Commission and filed as part of the record. Upon consideration of the record, the court adjudged that the plaintiff, Paducah Brewery Company, recover of the defendant, Illinois Central Railroad Company, the sum of $481.16 with interest from January 6, 1912, in accordance with the award and order of the Railroad Commission. Defendant's motion for a new trial having been overruled, it is here upon appeal.

1. It is first contended by appellant that the Railroad Commission is nowhere empowered by statutory provision to make or to order an award by way of reparation; that is, to order restitution of any sum collected and charged by a carrier in the enforcement of a rate, thereafter found by the Commission to have been unreasonable. And, as the judgment of the circuit court, which on this appeal is sought to be reversed, is founded upon such an award, this inquiry lies at the threshold of the review.

Appellee contends that such authority is conferred upon the Commission by section 829, Kentucky Statutes. This section is as follows:

"The Commission shall hear and determine complaints under sections 816, 817 and 818. Such complaints shall be made in writing, and they shall give the company complained of, not less than ten day's notice of the time and place of the hearing of the same. They shall hear and reduce to writing all evidence adduced by the parties, and render such award as may be proper. If the award of the Commission be not satisfied within ten days after

the same is rendered, the chairman shall file a copy of said award and the evidence heard, in the office of the clerk of the circuit court of the county, which under the Code of Practice, would have jurisdiction of said controversy, and the clerk of said court shall enter the same on the docket for trial; and summons shall be issued, as in other cases, against the party against whom the award shall have been rendered, requiring said party to appear in the court within the time allowed in ordinary cases, and show cause why said award shall not be satisfied. If such party fails to appear, judgment shall be rendered by default, and the same proceedings had thereon as in *other* ordinary cases. If a trial is demanded, the case shall be tried, in all respects, as other ordinary cases, in which the same amount is involved, except that no evidence shall be introduced by either party except that heard by the Commission, except such as the court shall be satisfied, by sworn testimony, could not have been produced before the Commission, by the exercise of reasonable diligence; the judgment and proceedings *thereon* shall be the same as in other ordinary cases.''

This section authorizes the Commission to hear and determine complaints under sections 816, 817 and 818, Kentucky Statutes. Section 816 provides that if any railroad corporation shall charge, collect or receive more than a just and reasonable rate of toll or compensation for the transportation of passengers or freight in this State, or for the use of any railroad car upon its track, or upon any track it has control of or the right to use in this State, it shall be guilty of extortion. Section 817 defines unjust discrimination in rates; and section 818 makes it unlawful for a carrier to give a preference or advantage to any particular person or locality.

The complaint filed by the Paducah Brewery Company was based upon Section 816; that the railroad company had charged and collected from it more than a just and reasonable rate; and was, therefore, within the jurisdiction of the Commission under section 829.

But, appellant contends that section 816 was held void, as a penal statute, in L. & N. R. R. Co. v. Commonwealth, 99 Ky., 132; and that, therefore, the Commission's authority under section 829, to hear and determine complaints under section 816 is at an end. But, as was said in the case cited, ''the statute may be invoked as merely declaratory of the common law'' in actions by

shippers against carriers for recovering back the excess of charges over reasonable rates.

Nor, does the decision of this court, holding that section unenforceable as a penal statute, affect the powers of the Commission to be exercised under section 829. The language in that section, "The Commission shall hear and determine complaints under sections 816, 817 and 818" means that the Commission shall hear and determine complaints in regard to, (section 816) the charging and collection of more than a just and reasonable rate; and complaints in regard to (section 817) unjust discrimination in rates; and complaints in regard to (section 818) discriminatory practices, preferences, etc. In other words, the designation of these sections in section 829, is merely *descriptive* of the subjects of the jurisdiction of the Commission thereunder.

But, it is argued by appellant, that extortion in section 816 is defined as the charging, collecting or receiving of more than a just and reasonable rate of toll or compensation; while in section 820a (the McChord Act) extortion is defined as the charging, collecting or receiving of a greater or higher rate of toll or compensation than that made or fixed by the Railroad Commission; that it was held in McChord v. L. & N. R. R. Co., 183 U. S., 483, that section 820a is an amendment to section 816, and in that respect conflicts therewith; and that the definition of extortion stated in the latter act must prevail; and that the Commission may no longer hear and determine complaints as to extortion as defined in section 816.

But, the acts constituting extortion—the charging, collecting or receiving of more than a just and reasonable rate—as stated in section 816, is also extortion, as used in section 820a. The latter section provides that "should the Commission determine that the company or corporation is, or *has been* guilty of extortion, said Commission shall make and fix a just and reasonable rate, toll or compensation, which said railroad company or corporation may charge, collect or receive for like services thereafter rendered * * * and, should said railroad company or corporation * * * charge, collect or receive a greater or higher rate, toll or compensation for like services thereafter rendered, than that made and fixed by the Commission * * *said company or corporation * * * shall be deemed guilty of extortion and upon conviction shall be fined, etc. * * *

The words therein used, "has been guilty of extortion," clearly show that the carrier may be guilty of extortion by charging more than a just and reasonable rate *before* the rate is fixed by the Commission, as well as after; but, of course the carrier cannot be proceeded against criminally, except for a charge made after the rate has been fixed by the Commission. In that respect, therefore, section 820a is not in conflict with section 816; the Commission under section 829 may hear and determine complaints in respect of extortion by a carrier as therein defined.

2. But, it is insisted that even if section 829 is the section under which the proceeding was instituted, that section neither in express language, nor by necessary implication, empowers the Railroad Commission to make an award of reparation. It must be conceded that such power is not granted in so many words; the Act merely says that the Commission shall render such award as may be proper. And, if this were all the language in that section by which the powers thereby conferred could be measured, appellant's contention would have much force.

But, as has been seen, this section provides that if the award of the Commission be not satisfied, the record may be filed in the proper circuit court, and reduced to judgment by a trial had in all respects as other ordinary cases. A reasonable construction of the section as a whole clearly shows that this provision was inserted for the purpose of enforcing awards for money. If the award authorized by section 829 were limited to a mere finding upon the particular subject of jurisdiction involved, i. e., that the carrier had charged and collected an extortionate rate, there could be no necessity for this provision for a jury trial.

Moreover, section 829 must be construed in the light of the history of the former legislation on this subject, in respect of the meaning of the word "award" as therein used. Section 829 is part of the Act of April 5, 1893. It was enacted pursuant to section 209 of the present Constitution. At the time of its enactment, the Act of March 7, 1890 (Vol. 1, Acts 1889-1890, Chap. 305, p. 25), was in force. That Act contained the following provision:

"If the award of the Commissioners be not satisfied within ten days after the same is rendered, the chairman

shall file a copy of said award in the office of the clerk of the circuit court of the county which under the Code of Practice would have jurisdiction of said controversy; and the clerk of said court shall enter the same on the motion docket for trial, and summons shall be issued to the party against whom the award shall have been rendered, requiring said party to appear before the judge of said court within twenty days and show cause why the award shall not be satisfied. * * * If the court or judge shall be of the opinion or the jury shall find that the award of the said commissioners is just, judgment shall be so entered, and execution shall issue thereon as on other judgments.''

This act was an amendment to the Act of April 6, 1882, which authorized execution to be issued by the clerk of the circuit court upon an award of the Commission unless a traverse thereof was filed in said court.

A consideration of these measures shows beyond all possible doubt that awards for money were within the scope of the Commission's powers at that time. Section 209 of the Constitution provided that the powers and duties of the Commission should be regulated by law, and that until otherwise provided, the Commission should continue to exercise the same powers and jurisdiction as it then had. So that construed in the light of the history of the former legislation on the subject, and in view of the powers and jurisdiction theretofore conferred by law upon, and possessed by the Railroad Commission, section 829 undoubtedly empowers the Commission to hear and determine petitions for reparation, and to order restitution by a carrier to a shipper, of the amount of money charged and collected by the carrier from the shipper in excess of the rate thereafter fixed by the Commission as just and reasonable; subject, however, to the statute of limitations.

3. But, appellant further contends that section 829 violates section 59, subsection 1 of the Constitution of Kentucky. That section provides that the ''General Assembly shall not pass local or special acts concerning any of the following subjects, or for any of the following purposes: (1) To regulate the jurisdiction or the practice, or the circuits of the courts of justice; or the rights, powers, duties or compensation of the officers thereof; but practice in courts of continuous session may be made different from practice in circuit courts held in terms.''

Appellant contends that section 829 conflicts with this constitutional limitation in three respects; (1) because, upon the award being filed in the office of the clerk of the circuit court, he is required to issue a summons without the filing of a petition as in other actions; (2) because of the restriction therein contained as to the introduction of evidence in the circuit court; and (3) because it confers upon circuit courts exclusive jurisdiction of actions upon awards of the Commission irrespective of the amount in controversy.

The purpose of the constitutional provision in question was to insure the uniformity of jurisdiction and practice of the circuit courts; and under section 829, the proceedings upon an award of the Commission would be the same in one circuit court as in another. This does not constitute special legislation within the purview of the constitutional limitation in question.

4. Moreover, appellant claims that section 829, if construed as empowering the Railroad Commission to award reparation by a carrier to a shipper as heretofore mentioned, is violative of sections 27, 28, 109 and 135 of the Constitution of Kentucky, because such interpretation of the statute would confer upon the Commission judicial powers. But, as we have heretofore seen, section 209 of the Constitution continued in force the powers possessed by the Commission theretofore; and among these powers was that of rendering such an award.

5. Appellant further argues that section 829 so construed violates the Due Process and Equal Protection clauses of the Fourteenth Amendment of the Constitution of the United States, because of the provision restricting the evidence to be introduced in the circuit court, to that produced before the Commission. This was a wise provision of law, its purpose being to prevent either party from trying half its case before the Commission, and the other half in the circuit court, upon testimony not offered before the Commission. It merely relates to and controls the practice in such cases. There is no denial of equal protection of the law. The carrier has the right to offer its evidence; and if the Commission's action is contrary to law, upon the competent evidence so offered, the courts will nullify said action.

In State of Washington v. Fairchild, 224 U. S., 510, the Supreme Court of the United States held that a statute of the State of Washington confining the evidence

upon a judicial review of an order of the State Railroad Commission to that heard by the Comission, was not violative of the Fourteenth Amendment. Appellant attempts to distinguish that case from the case at bar, because the order or award there in question was not an award for reparation; but we are unable to discover any distinction in the principle involved, i. e., the right of the State to control procedure in its courts, and to require the carrier to produce its evidence to the Commission by restricting the evidence to be heard by the court to that presented to the Commission.

Appellant's contention in this respect may also be answered in the opening words of the opinion by Mr. Justice White in L. & N. R. R. Co. v. Schmidt, 177 U. S., 230:

"It is no longer open to contention that the due process clause of the Fourteenth Amendment does not control mere forms of procedure in State courts, or regulate the procedure therein. All its requirements are complied with, provided in the proceedings which are claimed not to have been due process of law, the person condemned has had sufficient notice, and adequate opportunity has been afforded him to defend."

The court, therefore, holds that section 829 empowers the Railroad Commission to order restitution by a carrier to a shipper of the amount of money charged and collected by it from the shipper in excess of a reasonable rate thereafter fixed by the Commission, subject only to the statute of limitations; that neither, as empowering the Commission to make such an award, nor as to the methods of procedure therein prescribed, does said section violate the Constitution of the State of Kentucky; nor is it in contravention of the Constitution of the United States.

6. Finally, appellant contends that appellee was not entitled to restitution because it proved no damage. But the Railroad Commission found that the rate charged appellee was unreasonable; it was, therefore, unlawful. And, being unlawful, appellee was not required to prove damage. L. & N. R. R. Co. v. Walker, 110 Ky., 963, 22 R., 361, 63 S. W., 20; Hutcheson v. L. & N. R. R. Co., 22 R., 1871.

The judgment is affirmed; the whole court sitting.