[No. 1793, March 4, 1.15.]
## SANTA FE GOLD & COPPER MINING COMPANY v. ATCHISON, T. & S. F. RY. CO.

### SYLLABUS BY THE COURT.
Section 7 of article 11 of the Constitution interpreted, and held not to authorize the State Corporation Commission to award reparation for past excessive and unreasonable charges for freight.

Removed from State Corporation Commission.

Proceeding before the State Corporation Commission by the Santa Fé Gold & Copper Mining Company against the Atchison, Topeka & Santa Fé Railway Company.

Santa Fe G. & C. M. Co. v. A., T. & S. F. Ry. Co., 21 N. M. 496.

Cause removed to Supreme Court, and award of Commission to petitioner set aside.

RENEHAN & WRIGHT of Santa Fé, for complainant.

State Corporation Commission has power to grant reparation.

Secs. 7 and 8, art. 11, State Const.; 6 Cyc. 498; Poor Grain Co. v. C., B. & Q. R. Co., 12 I. C. C. R. 418; Chicago, etc., R. Co. v. Railroad Commissioners, 78 N. E. 338; Washer Grain Co. v. M. P. Ry. Co., 15 I. C. C. R. 147; D. & R. G. R. Co. v. Baer Bros., 187 Fed. 485.

The grant is incident to express powers.

State, etc., v. Fremont, etc., R. Co., 22 Neb. 313; Gulf, etc., R. Co. v. R. R. Commission, 49 So. 118; Cor. Com. v. Atlantic Coast Line R. Co., 115 Am. St. Rep. 636; State v. Atlantic Coast Line R. Co., cited supra; Ill. Cent. R. Co. v. Paducah Brewery Co., 157 Ky. 357, 163 S. W. 239; L. & N. R. Co. v. Finn, 1914 Adv. Sheets (L. R. A.) 146 (U. S.)

Commission has judicial powers.

Quari v. Abbott, 1 N. E. 476, 480, 102 Ind. 233; Stanton v. United States, 37 Fed. 252, 255; Cole v. State, 6 N. E. 277, 278, 102 N. Y. 48.

W. C. REID of Albuquerque and R. E. TWITCHELL of Santa Fé, for defendant.

Commission has no power, express or implied, to grant reparation.

Gulf & Ship Island v. R. R. Commission, 49 Southern, 118; State v. Yazoo & Miss. Valley R. R. Co., 87 Miss. 679, 40 South. 263; 23 Am. & Eng. Ency. Law (2d ed.), p. 653; R. R. Com. v. Navigation Co., 17 Or. 65, 19 Pac. 702, 2 L. R. A. 195; R. R. Company v. R. R. Com., 73 Kan. 168, 84 Pac. 755; Blake v. R. R. Co., 73 N. H. 597, 64 Atl. 202; Jones Bros. v. Sou. Ry. Co., 76 S. C. 67, 56 S. E. 666; State v. R. R. Com., 47 Wash. 627, 92 Pac.

Santa Fe G. & C. M. Co. v. A., T. & S. F. Ry. Co., 21 N. M. 496.

459; R. R. Com. v. W. U. T. Co., 113 N. C. 213, 18 S.
E. 389, 22 L. R. A. 570; State ex rel. R. R. Com'rs v. L.
& N. R. R. Co., 49 So. 39; Silver v. L. & N. R. R. Co.,
213 U. S. 175; Railroad Com'rs v. Columbia, etc., R. R.
Co., 2 S. E. 127; Nashville, etc., R. R. Co. v. The State,
34 So. 401; L. & N. R. R. Co. v. McCord, 103 Fed. 216.

## OPINION OF THE COURT.

PARKER, J.—This case was removed from the State
Corporation Commission. It involves the question of the
power of the State Corporation Commission to award re-
paration to shippers in cases where they find that the rate
charged has been excessive. It appears from the record
that after the petitioner had shipped divers large quanti-
ties of coke over the defendant's lines, the defendant vol-
untarily reduced its tariff on carload lots of coke, origin-
ating at the towns of Koehler and Gardiner, to a figure
which the Corporation Commission finds, in its judgment,
is a reasonable rate. It further found that the former
rate charged was excessive and unreasonable to the ex-
tent of $.35 per ton upon shipments of coke in carload
lots, and that therefore there had been an overcharge of
$2,049.55 on the coke shipped by the petitioner. There-
upon the commission assumed the power to award repara-
tion to the petitioner. and awarded their judgment ac-
cordingly in its favor, and ordered the defendant to pay
the same on or before the 1st day of May, 1915. The
defendant removed the cause to this court, and relies, prin-
cipally, upon the proposition that the State Corporation
Commission has no power or jurisdiction to award repara-
tion in cases where rates have been charged which are
found by the commission to have been excessive and un-
reasonable. Certain other minor questions are presented
in the briefs, but, as this question is determinative of the
case, we will not consider them.

Much argument is contained in the briefs upon the
question as to whether the Corporation Commission has
judicial, as well as legislative, or administrative, power.
It is argued by counsel for defendant that it has no ju-
dicial power, and by counsel for petitioner that it has

such power. It is immaterial, in our view of the case, what the exact nature of the powers of the Corporation Commission are, the question being: Has any such power as was exercised in this case been granted by the Constitution? Section 7 of article 11 of the Constitution provides, among other things, as follows:

"The commission shall have power and be charged with the duty of fixing, determining, supervising, regulating and controlling all charges and rates of railway, express, telegraph, telephone, sleeping car, and other transportation and transmission companies and common carriers within the state. * * * The commission shall have power to change or alter such rates, to change, alter or amend its orders, rules, regulations or determinations, and to enforce the same in the manner prescribed herein. * * * and it shall have power, upon a hearing, to determine and decide any question given to it herein."

In the same section it is provided that:

"In addition to the other powers vested in the Supreme Court by this Constitution and the laws of the state, the said court shall have the power and it shall be its duty to decide such cases on their merits, and carry into effect its judgments, orders and decrees made in such cases, by fine, forfeiture, mandamus, injunction and contempt or other appropriate proceedings."

These are all of the provisions of the Constitution relevant to a consideration of the question involved.

It is conceded by counsel for petitioner that these provisions of the Constitution contain no express grant of power to the commission to award reparation. It is argued, however, that the power to do so is implied. We do not agree at all that any such power is implied or to be inferred from the powers which are expressly granted.

In the first place the recovery of money unreasonably exacted in cases like this is by means of a common-law remedy, and the party against whom the claim is made, whether a natural person or a corporation, has the right, ordinarily, to a trial by jury before its repayment can be enforced. Board of Railroad Com'rs v. Oregon R. & Nav. Co.. 17 Or. 65, 19 Pac. 702, 2 L. R. A. 195. Before any power to award reparation, which is the equivalent of

awarding a money judgment, can be held to be possessed by a corporation commission, there must be a grant of such power in direct terms.   Such a power cannot be given by implication.   It is true that in the Oregon case, supra, the court was discussing a statute of that state, and not the Constitution.   Our situation is different, in that the powers of the State Corporation Commission with us are granted by the Constitution itself, and we assume that had the Constitution granted such a power, it would be perfectly proper.   But the reasoning of the Oregon court as to the construction of their statute is equally applicable to the construction of our Constitution.   If the Constitution makers intended to give the Corporation Commission power to award money judgments, it certainly would have said so in unmistakable language.   In Illinois Cent. R. Co. v. Paducah Brewery Co., 157 Ky. 357, 163 S. W. 239, the right of the Corporation Commission of Kentucky to award reparation was challenged.   The court sustained the power upon the construction of the statute which is much broader than ours.   The court said:

"But, it is insisted that, even if section 829 is the section under which the proceeding was instituted, that section, neither in express language, nor by necessary implication, empowers the railroad commission to make an award of reparation.    It must be conceded that such power is not granted in so many words; the act merely says that the commission shall render such award as may be proper.   And if this were all the language in that section by which the powers thereby conferred could be measured, appellant's contention would have much force.   But, as has been seen, this section provides that if the award of the commission be not satisfied, the record may be filed in the proper circuit court, and reduced to judgment by a trial had in all respects as other ordinary cases.   A reasonable construction of the section as a whole clearly shows that this provision was inserted for the purpose of enforcing awards for money."

The holding in this case was approved by the Supreme Court of the United States in Louisville & N. R. Co. v. Finn, 235 U. S. 601, 35 Sup. Ct. 146, 59 L. Ed. 379.   It is apparent from the quotation, supra, that the statute of Kentucky is entirely different in terms from our constitutional provision, and that the case furnishes

no authority whatever for a holding here that the Corporation Commission has any such power as is claimed.

In Gulf & S. I. R. Co. v. Railroad Commission, 94 Miss. 124, 49 South. 118, the Railroad Commission had passed an order requiring the appellant to stop its regular passenger train for not more than 30 minutes at the intersection of that road with the Mississippi Central road, the point of intersection being three quarters of a mile north of the depot of the appellant road, and to receive and discharge passengers and baggage at said intersection. The statute in that state authorized the commission to determine complaints made of any time schedule, and to make any change deemed proper therein. In denying the power of the commission to make the order in question, the court, among other things, said:

"It may be stated, in this connection, that we have no general statute submitting to the Railroad Commission general supervision over railroad companies, as will be found in some states; and, while general power is given to the commission to do many things, however, in each instance it will be found that the power is specifically granted. It is universally held that a railroad commission is a mere administrative or advisory board created to carry out the will of the Legislature, and that, before it can do any act, it must be able to point to its grant of power from the Legislature, which power must affirmatively appear, and must be given in clear and express terms, and nothing will be had by inference. * * * We do not think that the power to hear and to determine complaints of any time schedule is sufficiently broad to give the railroad commission the authority which it has assumed in this case. In our opinion the authority to determine complaints made of any time schedule, and to make any change deemed proper therein, as provided in said section, conferred upon the commission authority only to regulate the time at which any train should arrive and depart from any regular stopping place, and cannot be so construed as to confer upon the commission the right to compel a railroad company to stop a passenger train at a point other than a regular station."

The court cites and comments upon North Carolina Corporation Commission v. Coast Line R. R. Co., 137 N. C. 14, 49 S. E. 191, 115 Am. St. Rep. 636, and points out that by the laws of North Carolina the Railroad Commission was given general control and supervision of rail-

roads, and in addition thereto a specific grant of authority was given the commission to pass the order complained of in that case, the only question being the power of the Legislature to grant the power. The court further said:

"In this case it is not a question of the power of the Legislature to grant the power, but as to whether or not the power exercised has ever been granted. We think that the Railroad Commission should have the authority to require railroad companies to stop their trains at the intersection of another railroad, without regard to whether a regular depot or stopping place is maintained or not, when the public convenience may require it; but this authority must come from the legislative branch of the state government, and not by judicial construction."

It is admitted by counsel that no case is to be found which is in point in this discussion. All the cases are cited by counsel argumentatively and none of them have any real bearing upon the question before the court. Many cases are cited by counsel for respondent showing how strictly the courts have construed grants of power to Corporation Commissions, but none of them have any direct application in this case.

A significant provision of our Constitution is the last sentence quoted therefrom, supra. It is there provided that this court shall carry into effect its judgment, orders, and decrees made in such cases, by fine, forfeiture, mandamus, injunction, and contempt or other appropriate proceedings. These proceedings are not ordinarily applicable to the collection of money. They are proceedings designed to compel the performance of some act or duty which the court determines should be performed. When it comes to the collection of money which has been unreasonably exacted from shippers by excessive and unreasonable rates charged by a common carrier, these remedies would ordinarily seem to have no application. The recovery of money illegally exacted from a person is ordinarily accomplished by an ordinary proceeding in a court of justice, in which a judgment is rendered in favor of the plaintiff for the amount said to be due. We assume that the Constitution might have provided for the award of reparation by the Corporation Commission, and

---

A. T. & S. F. Ry. Co. v. Solorzano, 21 N. M. 503.

---

for the collection of money in one or more of the ways mentioned above. We simply hold, however, that the Constitution does not so provide, and it would be going far afield, in the way of interpretation, to say that any such powers or proceedings are impliedly warranted by the terms employed.

For the reasons stated, the judgment of the Corporation Commission will not be enforced; and it is so ordered.

ROBERTS, C. J., and HANNA, J., concur.

---

[No. 1818, February 21, 1916.]

[On Motion for Rehearing, March 28, 1916.]

### SYLLABUS BY THE COURT.