## In re CHICAGO, M., ST. P. & P. R. CO.
### ABRAMS et al. v. SCANDRETT et al.
#### No. 8366.

Circuit Court of Appeals, Seventh Circuit.
Nov. 4, 1943.

Rehearing Denied Nov. 24, 1943.

434

See, also, 36 F.Supp. 193; 124 F.2d 754; 131 F.2d 214; 138 F.2d 235.

Meyer Abrams, of Chicago, Ill. (Shulman, Shulman & Abrams, of Chicago, Ill., of counsel), for appellants.

Kenneth F. Burgess, Douglas F. Smith, George Ragland, Jr., A. N. Whitlock, and M. L. Bluhm, all of Chicago, Ill., for appellees.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Here, as they did in Abrams v. Scandrett et al., 7 Cir., 121 F.2d 371, appellants complain that the District Court improperly overruled their objections to the finding and order of the Interstate Commerce Commission, made in connection with a plan of reorganization, denying them fees or expenses from the debtor estate. The nature of the services rendered, the pertinent surrounding circumstances and the legal issues involved are set forth in our earlier opinion and need no repetition.

We concluded then that the District Court was "powerless to allow appellants any sum." Subsequently, however, the Supreme Court, in Reconstruction Finance Corp. v. Bankers Trust Co., Trustee, 318 U.S. 163, 63 S.Ct. 515, 87 L.Ed. ——, held that the District Court has power to determine, as a matter of law, whether sub-

stantial evidence sustains the Commission's finding as to maximum allowances. Consequently, on March 22, 1943, we reversed the cause and remanded it to the District Court with directions to examine the evidence and determine whether it supports the finding. Thereafter the District Court entered its findings and conclusions, stating that it had examined the record and determined that "there is substantial evidence to sustain the finding." Thereupon appellants' objections were overruled. This appeal followed.

Appellants insist that, (1) the court did not enter specific findings and conclusions as required by Rule 52(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c; (2) the record contains no substantial evidence supporting the finding; (3) the Commission had no jurisdiction to fix a maximum of fees and expenses for appellants of "nothing."

We think there was no misapprehension upon the part of the District Court as to its duty under the applicable act of Congress and the Rules of Civil Procedure. As the Supreme Court announced, in Reconstruction Finance Corp. v. Bankers Trust Co., Trustee, supra, Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, lodges in the Commission alone the power to find the facts as to fees and expenses to be paid from the estate and charges it with the duty to determine the maximum to be allowed any applicant. The District Court may not review the facts any more than it may review those found by a jury; it may only inquire, as a matter of law, if a finding is challenged, whether it is supported by substantial evidence. This we directed the District Court to do and this it did, concluding, as a matter of law, that substantial evidence sustains the finding. It had no power to make findings of fact contemplated by Rule 52(a).

Appellants insist, however, that the court erred in concluding that substantial evidence supports the finding. The reorganization had to do with a railroad company and a capital investment of many millions of dollars, including extensive mortgage bonds of divers issues and priorities, as well as capital stock. Appellants represented, as counsel, a relatively small group of adjustment mortgage bondholders. The Institutional Investors Group, likewise represented by counsel, appeared for like parties, owners of some $10,000,000 in bonds. Other holders of substantial amounts of the same bonds were permitted to intervene and participate.

Appellants attended some hearings, spent considerable time and incurred expenses and claim that the Commission could properly have found only that their services were of benefit to the estate in that they had brought about appointment of independent trustees and abandonment of certain undesirable features of the original plan and had made constructive suggestions leading to an improved plan. Many counsel representing divergent interests made many suggestions; the proceeding was pending before the Commission for an extended period of time and that body was in position to observe the actions of respective counsel and to judge of the value of the services rendered by them. It knew far better than any other agency, who had contributed to the solution of the perplexing problems encountered in the evolution and promulgation of a reasonable and workable plan for the successful reorganization of a sadly involved debtor. Speaking more specifically, it appears that counsel for the debtor, for the Institutional Investors' Group and for other interests of the same category as those represented by appellants, actively participated. Whether it was their services or those of appellants which were of benefit to the estate was a question of fact peculiarly fit to be determined from the evidence.

As to the claim that appellants secured appointment of independent trustees, it should be observed that the Act requires such action and that the District Court had full cognizance of its duty in that respect. As to the contention that appellants brought about elimination of objectionable features, again, the Commission knew better than this court or the District Court why changes were made and who should be credited with constructive effort in bringing them about. Thus the record discloses that a committee of the board of directors of the debtor, two years after the plan was first offered, recommended that, in view of then existing financial, industrial and economic conditions, the original proposal should not be consummated. Appellants did not attend the hearing at which this occurred. Nor is there anything in the record to indicate that they communicated with the debtor or its counsel or did anything to bring about the change of position. It is said that appellants rendered valuable service in objecting to cumulative interest

upon certain bonds proposed to be issued. The record discloses elaborate studies of earnings over a period of years and the comparative effect of cumulative interest with reference thereto, presented by other interests. Appellants insist that they prevented inclusion of a voting trust, to the resulting benefit of new stockholders, but the ultimately approved plan included such a trust.

The evidence is that the Institutional Investors' Group suggested the basis for compensation for adjustment mortgage bonds and that the securities allocated to them, instead of being increased as a result of appellants' intervention, grew less instead of greater as the hearing progressed and came into the ultimate plan in the lessened amount. Counsel claims credit for determination of the rate of interest upon certain bonds, but it is clear that the interest rate of 4½ per cent on these securities was in fact recommended in debtor's suggested modification of the original plan. With reference to inclusion of accrued interest to the effective date, January 1, 1939, it is doubtful if appellants could rightfully expect to be reimbursed for any suggestion in that respect, for such inclusion is required by law. Consolidated Rock Products Co. v. DuBois, 312 U.S. 510, 61 S.Ct. 675, 85 L.Ed. 982.

Appellants insist that they obtained additional security for the adjustment bondholders by securing certain free assets, but the evidence is that the debtor had no free assets of substantial value which were not pledged, except the stock of the Milwaukee Land Company and, further, that, at the time of the hearing before the Commission, even this was pledged and that it was not released until June, 1938, subsequent to the completion of the final hearing before the Commission in March of the same year. There is, therefore, no evidence to sustain the contention that appellants accomplished anything in this respect.

Appellants contend that, by objecting to certain evidence, they shortened the proceeding, but the showing as to time saved rests upon exceedingly doubtful foundation. The objection to a continuation of the hearing, in an attempt, as it is said, to shorten the time of the proceeding, was overruled and accomplished nothing.

■ From all the facts it is apparent that the Commission knew full well, from the record, the nature of the services rendered by each of the counsel and who had contributed anything of value to the estate. In this situation, for the District Court to have said that no substantial evidence sustains the Commission's conclusion that the services rendered contributed nothing of value would have been wholly unjustified. Nor is it for us, to examine the evidence to determine whether we would have entered the same finding.

■ It is said that the Commission had no jurisdiction to fix a maximum limit of "nothing" as a reasonable allowance to appellants. The argument seems to be that the Commission was bound to allow some amount even though it were only nominal. But the Commission is charged directly with determination of the maximum allowance to any person. It follows that if, from the evidence, no services of value had been rendered, then, in order properly to perform its statutory duty, it was bound to find that the maximum that could be allowed was nothing. In other words, if nothing was earned, nothing could be allowed and the "maximum" to be fixed, therefore, was nothing. The finding means merely that the services rendered contributed nothing of value to the estate.

■ This is wholly apart from the ordinary rule, which appellants seem to have lost sight of, that both in proceedings in equity and in bankruptcy simpliciter it is the ordinary rule that attorneys representing creditors, security holders, or stockholders must look for compensation to their clients rather than to the general estate. In re New York Investors, 2 Cir., 79 F.2d 182, 186, certiorari denied Endelman v. Reconstruction Finance Corp., 296 U.S. 649, 56 S.Ct. 308, 80 L.Ed. 462; In re Realty Associates Securities Corp., 2 Cir., 69 F.2d 41, certiorari denied Bondholders' Committee v. Realty Associates Securities Corp., 292 U.S. 628, 54 S.Ct. 631, 78 L.Ed. 1482.

■ Appellants argue that the Commission erred in not holding that if services are rendered in good faith it is immaterial whether they contribute anything of value. We see no occasion to recede from what we said on the prior appeal: "The allowance of such attorneys' fees is based upon the equitable rule that he who renders valuable services should be compensated therefor, * * * Unless the services were of value to the debtor's estate there was no justification for any allowance." This is the underlying basis for allowance of fees, not only in bankruptcy, where they must be within the statute, but also in

equity, where equitable principles control. The services, if they are to be paid for out of the estate, must have been of constructive character, directly and materially contributing to formulation or accomplishment of a plan of reorganization. In re Tower Bldg. Corporation, 7 Cir., 88 F.2d 347, 349; Steere v. Baldwin Locomotive Works, 3 Cir., 98 F.2d 889, 891; In re United Cigar Stores, D.C., 21 F.Supp. 869, 874; In re Consolidated Motor Parts, Inc., 2 Cir., 85 F.2d 579, 581; In re Porto Rican American Tobacco Co., 2 Cir., 117 F.2d 599. And they must have been of benefit to all the sets of interests in the estate. Activities which increase the share of one class only at the expense of others have not been thought to benefit the estate or to contribute to the plan. Mere participation in the hearings, suggestions and criticisms regarding the proposed plan or on matters of procedure, do not of themselves always necessitate compensation from the estate. Warren v. Palmer, 2 Cir., 132 F.2d 665.

The judgment is affirmed.