## DESPATCH SHOPS, Inc., et al. v. RAILROAD RETIREMENT BOARD et al.

District Court, S. D. New York.

March 16, 1945.

Frederick L. Wheeler, of New York City (Paul Folger, of Rochester, N. Y., and Crosby J. Beakes and Leo Manville, both of New York City, of counsel), for plaintiffs.

Myles F. Gibbons, of Chicago, Ill. (David B. Schreiber, Paul M. Johnson, and Louis Turner, all of Chicago, Ill., of counsel), for defendant.

Samuel J. Cohen, of New York City (Willard H. McEwen, of Toledo, Ohio, of counsel), for intervening defendants.

MANDELBAUM, District Judge.

This action is brought pursuant to Sec. 11 of the Railroad Retirement Act of 1937, 45 U.S.C.A. § 228k, to compel the Railroad Retirement Board to set aside its decision of March 7th, 1944, in Jurisdictional Docket No. 13, holding that Despatch Shops, Inc., is or has been an employer within the meaning of Sec. 1(a) of the Railroad Retirement Act of 1937, 45 U.S.C.A. § 228a(a), and to the extent applicable a carrier within the meaning of Sec. 1(a) of the Railroad Retirement Act of 1935, 45 U.S.C.A. §§ 215–228 note, and that individuals engaged in the operation of Despatch Shops, Inc., subject to its continuing authority to supervise and direct the manner of rendition of their compensated service, have been employees within the meaning of Sec. 1(c) of said Acts, and that compensated service thus rendered to Despatch Shops, Inc., is creditable towards annuities under said Acts.

■ A fundamental problem—the resolution of which must determine the approach of this court to the decision under review, is the extent to which the court must be here guided by the doctrine of administrative finality. The plaintiff concedes the general rule that the findings of an administrative board if supported by substantial evidence may not be set aside by a reviewing court.

Plaintiff maintains, however, that an exception to that doctrine presents itself here arguing—that the determination of whether or not Despatch Shops, Inc., is an employer within the meaning of the Act is a necessary condition to establish the Board's jurisdiction—that power to determine the fact of such jurisdiction has not been given to the Board in the statute—and in the absence of such specific statutory authority—the court's review should consist of a trial de novo on the record.

An examination of the Acts in question and a careful review of the decisions leads this court to the conclusion that the instant case presents no exception to the doctrine of administrative finality.

■ The power to determine who is an employer within the meaning of the Act is a necessary concomitant of the conceded

108

power to determine who is an employee. Further, the Act itself confides the power to determine the jurisdictional question in the Board. Sec. 10(b), U.S.C.A., Title 45, § 228j(b), which sets forth both the duties and powers of the Board, provides that:

"1. *The Board shall have* and exercise *all the duties and powers necessary to administer*" the Railroad Retirement Acts of 1935 and 1937. "The Board shall take such steps as may be necessary to enforce such sections and make awards and certify payments * * *."

"4. The Board shall establish and promulgate rules and regulations to provide for the *adjustment of all controversial matter arising in the administration of * * *"* the Railroad Retirement Acts of 1935 and 1937. (Italics supplied.)

The Board's decision if supported by substantial evidence in the record, and if it is not arbitrary or capricious and has a reasonable basis in law, must be sustained by this court. Ellers v. Railroad Retirement Board, 2 Cir., 132 F.2d 636.

█ I have examined carefully the record before the Board and I am constrained to find that the decision of the Board is based on substantial evidence and has a reasonable basis in law.

The holding in Duquesne Warehouse Company v. Railroad Retirement Board, 2 Cir., 148 F.2d 473, that the Board erred in holding that a public warehouse was an employer under the Railroad Retirement Act does not apply in the instant case.

The facts in the record before me indicate that the services of Despatch Shops, Inc., are so intimately and inseparably connected with railroad transportation that the Board could not have reasonably arrived at any other conclusion than that Despatch Shops, Inc., is an employer within the meaning of the Act.

█ Where the question before this court is whether or not the findings of an administrative board are based on substantial evidence, the court lacks the power to make findings of fact contemplated by Federal Rules of Civil Procedure, rule 52 (a), 28 U.S.C.A. following section 723c. In re Chicago, M., St. P. & P. R. Co., 7 Cir., 138 F.2d 433, 435. I therefore think I am relieved from making any findings.

Accordingly, this action is dismissed with costs in favor of the defendant.