CASE 29—PETITION ORDINARY—FEBRUARY 10.

## Wing, &c. v. Dugan.

APPEAL FROM HANCOCK CIRCUIT COURT.

1. DENIALS MUST BE DIRECT AND SPECIFIC.—Defendants pleaded a merchant's account for goods sold and delivered by them to the plaintiff, as a set-off against the notes sued on. Plaintiff replied, and after admitting and denying some specific items in the account, alleged "that she has no knowledge or information sufficient to form a belief as to whether or not the various items, or any of them, except those admitted, were sold and delivered to her, or to others for her." The above reply was defective. The defendants were entitled to a judgment for the whole account, except items specifically denied.

2. PARTY HAVING PERSONAL KNOWLEDGE MUST EITHER ADMIT OR DENY POSITIVELY.—Whether the goods were sold and delivered by the defendant to the plaintiff is a matter within the personal knowledge of the latter, and she must either admit the truth of the charges, as to such of the goods she did purchase, or make a positive denial. It is evasive and bad pleading to say in reference to such specific allegations that she "had not sufficient knowledge or information to enable her to form a belief as to whether she purchased the goods or not, and she therefore denies," etc.

*Such pleadings are allowed* only in cases where the allegations of the petition or set-off are not necessarily within the knowledge of the party charged.

If the parties agreed that the account at the time it was created should extinguish the notes, and that it was to be regarded as a payment thereon, then the statute of limitations was no bar to the right to have the account so applied.

*Bill of exceptions* is sufficient when there is enough in the record to show that it contains all the evidence, and that the appellant filed grounds and moved the court for a new trial.

HARLAN & NEWMAN, . . . . . . . . For Appellants,

CITED

18 B. Monroe, 57, Francis v. Francis.
16 B. Monroe, 329, Clark v. Finnell, &c.

G. W. WILLIAMS, }
T. B. HARDIN, .. } . . . . . . . . . For Appellee.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

This suit was instituted on two notes executed by the appellants, Wing & Baker, to the appellee, Sallie W. Dugan, one in the year 1847 and the other in 1848. The appellants resisted the appellee's right to a judgment, and alleged in their answer that the appellee was indebted to them in a large sum of money for goods and merchandise sold and delivered by them to the appellee at her special instance and request. They file an itemized account with their answer, and made part thereof, amounting to near $1,900, subject to certain credits, and ask for a judgment against the appellee for the excess after satisfying the notes filed with plaintiffs' petition.

The reply of appellee to this set-off is singularly evasive, and seems to have been prepared with a view of avoiding if possible a specific denial of the account filed with the answer. A few of the items contained in the account the appellee denies were ever purchased or delivered to her, and as to the remaining portion of the account she states, in substance, that it has been so long since it was created that she has no recollection whether she made the purchases or not.

An amended reply is afterward filed by the appellee, in which she states: "That she has no knowledge or information sufficient to form a belief as to whether or not the various items, or any of them except those admitted, were sold and delivered to her; she therefore denies that said goods, wares, and merchandise were sold and delivered to her, or to others for her," etc.

The Code of Practice provides: "That where the answer contains new matter constituting a counter-claim or set-off the plaintiff may reply to such new matter, denying each allegation controverted by him, or any knowledge or information thereof sufficient to form a belief."

The amended reply is obviously defective, and in the absence of any other defense the appellants would have been entitled to a judgment for the whole of their account except the items specifically denied in the original reply. Whether the goods were sold and delivered by the appellants to the appellee is a matter within the personal knowledge of the latter, and she must either admit the truth of the charges as to such of the goods she did purchase or make a positive denial. It is evasive and bad pleading to say in response to such specific allegations that appellee "had not sufficient knowledge or information to enable her to form a belief as to whether she purchased the goods or not, and she therefore denies," etc. The charge is "that the goods were sold and delivered to her;" and whether this is true or not must be

within her knowledge; and where there is no direct denial in the answer or reply of such allegations they are to be taken as true. It is only in cases where the allegations of the petition or set-off are not necessarily within the knowledge of the party charged that such pleading as was made in this case is allowed; as in cases where the party sued is sought to be made liable for the action or misconduct of others, or where some fact is asserted that the defendant could not say whether it was true or false. (Edwards v. Lent, 8 Howard, 28.)

The appellants in this case not only rely on the account as a set-off, but they also pleaded that the account was by the agreement of the parties to be applied as a payment on the notes, and that the goods were so taken and purchased.

The appellee filed a reply to the set-off, relying on the statute of limitations. If the parties agreed that the account at the time it was created should extinguish the notes, and that it was to be regarded as a payment thereon, then the statute of limitations was no bar to the appellants' right to have the account so applied.

The court refused the instructions asked for by appellants, and in instruction No. 3 told the jury "that they must not allow any part of defendants' account as a credit on the notes, unless it is proven to be correct, except as in instruction No. 7." Instruction No. 7 says to the jury that the only items of the account admitted by the reply are the two items of three hundred and fifty-one dollars and five hundred dollars paid by defendants to Peters & Webb and to Good.

One of the instructions asked for by defendants and refused was to the effect that the account for goods sold and delivered was admitted by the plaintiff in the reply. This instruction should have been given, as the allegations of the answer on this subject were not denied by the reply. What effect this admission might have had with the jury upon the plea of payment this court can not determine. The appellants, how-

ever, were clearly entitled to the benefit of this admission, and ought not to have been required to make proof of any part of the account containing the items for goods sold and delivered to the appellee.

There is enough in the record to show that the bill of exceptions contains all the evidence, and that the appellants filed grounds and moved the court for a new trial.

For the reasons indicated the judgment of the court below is reversed, and cause remanded with directions to set aside the judgment and grant to appellants a new trial, and for further proceedings consistent with this opinion. The appellee, if she can do so, should be allowed to amend her reply.