### F. R. Hancock *v.* John F. Rice.

**Pleading—Answer—Reply.**

> Where an answer presents a valid counterclaim, a reply is not good which avers that plaintiff has not sufficient knowledge to form a belief as to whether the averments in the answer are true.

APPEAL FROM MUHLENBURG CIRCUIT COURT.

September 21, 1875.

Opinion by Judge Cofer:

It is alleged in the answer of the appellant, in substance, that the several sums of money charged to the appellee in the account made part of the answer were either drawn out by him or transferred by his direction to the credit of Morgan, and that after crediting the appellee with all the money deposited with appellant, and charging him with what he had drawn out or caused to be transferred to the credit of Morgan, there was due to the appellant the sum of $9.97, for which he prayed judgment.

The substance of the reply is that he has not sufficient knowledge or information to form a belief as to whether the statement filed with defendant's answer, and showing the amount of cash deposited with and drawn from the defendant, Hancock, by the plaintiff, is correct. Therefore, that is, because he had not sufficient knowledge or information to form a belief, he denies that said statement is correct. He specifically denies each and every item and statement of defendant's answer, denies that defendant ever repaid to him the amount of the check sued for, or any part thereof, denies that he is indebted to the defendant in the sum of $9.97, or any part thereof.

Whether the amounts charged as having been paid to him were in fact paid, and whether those charged as transferred to Morgan's credit had been directed by him to be so transferred, were matters necessarily within the personal knowledge of the appellee, and he could not make a sufficient answer to such allegations by denying knowledge or information sufficient to form a belief of their truth. *Wing, et al., v. Dugan,* 8 Bush 583. That he specifically denies each and every item and statement of defendant's answer is obviously insufficient; nor is the denial of indebtedness good. *Francis v. Francis,* 18 B. Mon. 57; *Whitaker v. Sandifer,* 1 Duvall 261; *Corbin, et al., v. Commonwealth,* 2 Met. 380.

The jury having found a verdict for the appellee for the sum of $365, the appellant moved for a new trial, and his motion was overruled. He then moved for judgment non obstante veredicto, which motion was likewise overruled. In this the court erred. We have already decided that the reply was insufficient. The answer presented a valid counterclaim, which, not being controverted, judgment should have been rendered for the appellant on the pleadings for the sum of $9.97.

"Where, upon the statements in the pleadings, one party is entitled by law to judgment in his favor, he shall be so entered by the court, though a verdict has been found against such party." Sec. 416, Civil Code.

For the error indicated the judgment is *reversed* and the cause is remanded with directions to sustain the motion and render judgment on the pleadings for the appellant for $9.97.

*A. J. James, for appellant.*