G. W. DICKEY *v.* FIRST NATIONAL BANK OF FRANKLIN.

**Pleading—Sufficiency of Answer of Indorser on Note.**

Where an indorser on a note in his answer does not deny that he received notice of the non-payment of the note, but merely avers that "He denies that he was legally notified," his answer is not good, it being nothing more than the defendant's opinion.

APPEAL FROM SIMPSON CIRCUIT COURT.

November 6, 1877.

OPINION BY JUDGE COFER:

The appellant's answer was not sufficient. He did not deny that he received notice of the non-payment of the note. "He denies that

he was legally notified." This is no more than the pleader's opinion. "He denies that he received such notice of said protest as is required by law to fix his liability on said note." This is also but an opinion.

The nearest approach to a denial is this: "He avers that he has no recollection of receiving any notice whatever. He therefore denies that he received such notice." "Such" in the last sentence no doubt refers to the notice spoken of in the preceding sentence, and the denial, so far as it is a denial at all, is of the receipt of any notice whatever. But that denial is qualified by the sentence in which he avers a want of recollection that he had received notice. He did not recollect whether he had received notice, and, therefore, i. e., because he did not recollect, he denied notice. He was evidently unwilling to deny without qualification or reserve that he received notice. Whether he had or not must have been once within his memory, and he cannot be allowed now to put upon his adversary the burden of proving that which he was unwilling to deny. *Wing v. Dugan,* 8 Bush 583.

The judgment must be *affirmed.*

*Bush & Goodright and W. P. D. Bush, for appellant.*

*R. Rodes, for appellee.*