## Louisville & Nashville Railroad Company v. Greenbrier Distillery Company, et al.

(Decided June 14, 1916.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

1. Appeal and Error—Amount in Controversy—Jurisdiction.—The Court of Appeals has no jurisdiction of an appeal from a judgment for the recovery of money only, when the amount in controversy is less than $200.00, exclusive of interest and costs.

2. Appeal and Error—Amount in Controversy—Jurisdiction.—The circuit courts do not have jurisdiction to grant an appeal to the Court of Appeals from a judgment for the recovery of money, only, when the amount in controversy, exclusive of interest, and costs, is less than $500.00.

3. Appeal and Error—Amount in Controversy—Jurisdiction.—The Court of Appeals will grant an appeal from a judgment for the recovery of money, only, when the amount in controversy, exclusive of interest and costs, is as much as $200.00 and less than $500.00, if from an examination of the record it is· satisfied that the ends of justice require the judgment to be· reversed, or when· the construction or validity of a statute, or a construction of a· section of the constitution is involved, and a correct decision of the case can not be had without passing on the validity of the statute or construing the section of the constitution or statute involved; but an appeal in such state of case is obtained by motion in the Court of Appeals, as provided for in subsection 3, of section 950, Kentucky Statutes, and the rules of the Court of Appeals.

4. Process—Award of Railroad Commission—Quashing Summons.— In a proceeding to recover judgment upon an award of the Railroad Commission, the summons will not be quashed because not issued upon a petition, as a petition is not required in such a proceeding.

5. Process Quashing Summons—Misjoinder Not Ground For.—A misjoinder of actions and parties plaintiffs is not a ground for quashing the summons, but the remedy is a motion to elect which cause of action will be prosecuted and which party will prosecute same.

6. Statutes—General and Special Laws.—Section 829, Kentucky Statutes, does not violate section 59 of the constitution, subsection 1, as it is not a special or local act within the meaning of that clause of the constitution, but is a general law, which applies to all proceedings of the kind, and in all the courts having jurisdiction

7. Statutes—Constitutional Law.—Section 829, Kentucky Statutes, is not in contravention of sections 27, 28, 109 and 135, of the constitution, in that it vests judicial powers in the commission.

8. Constitutional Law—Railroad Commission.—The Railroad Commission had authority under the constitution of 1850 to make awards to be paid in money, and section 209, of the present constitution, authorizes it to exercise all the powers which it had when the present constitution was adopted.

9. Railroads—Rates Established by Railroad. Commission.—The Railroad Commission, in establishing rates to be charged by railroads for the transportation of commodities of.commerce, exercises a legislative power, which is delegated to it by the legislative department of the state government.

10. Railroads—Regulation of·Rates.—The right of a railroad to fix its own intrastate rates is subject to the laws of the State, which are constitutionally enacted.

11. Railroads—Regulation of Rates—Intrastate Commerce.—The constitutional limitation upon the legislative authority, as to the · establishment of rates for intrastate commerce, is that the rates prescribed must not be confiscatory.

12. Carriers—Regulation of Rates—Judicial Inquiry.—The courts have inherent power to restrain the enforcement of a law which pre-

scribes rates for a carrier, which are confiscatory, but, beyond this, the reasonableness or unreasonableness of rates prescribed by the legislative authority is not a subject of judicial inquiry.

13. Carriers—Regulation of Rates—Railroad Commission.—If the Railroad Commission, in the manner provided for by section 820a, Kentucky Statutes, makes an order for the establishment of rates, the order may be the subject of attack in the courts on account of the rates being confiscatory, or that the commission has acted arbitrarily, but it must be done by an action for that purpose and not as a defense to a judgment sought upon an award, which is based upon a rate order made by the commission.

14. Carriers—Regulation of Rates.—The averment, that the commission acted without evidence and therefore arbitrarily, to the effect that the evidence failed to prove the payment of the rates by the shipper, the excess of which over the rates established by the commission as just and reasonable, and which goes to make up the award, or that there was a failure of proof upon the subject of damages suffered by the shipper, is not a defense to the recovery of a judgment upon a reparation award, because these are proper inquiries before the court in the trial before judgment upon the award, if the railroad put the amount paid and the damages in issue.

15. Carriers—Regulation of Rates—Powers of Railroad Commission.— Section 820a, supra, does not authorize the Railroad Commission to fix a rate for the transportation of commodities except after ten days' notice of the complaint, and the matter to be investigated, and after it has heard such statements, evidence and argument, which the parties offer and the commission deems relevant.

16. Carriers—Award by Railroad Commission.—The Railroad Commission, under section 829, Kentucky Statutes, is not authorized to make a reparation award except after notice to the carrier of the time and place of hearing, where each party may introduce such evidence as it desires, and the award can not be enforced until after a judgment has been rendered in the circuit court, upon a trial as any ordinary action.

17. Carriers—Award by Railroad Commission—Evidence.—The provision of section 829, Kentucky Statutes, which limits the evidence to be heard in the circuit court, in the proceeding to enforce a reparation award, to that heard before the commission and such as the court shall be satisfied, from sworn testimony, could not have been produced before the commission by the exercise of ordinary diligence, does not deny the equal protection and due process of law, guaranteed by the 14th amendment to the federal constitution, as under this statute there is no failure of equal protection, and "due process" is always had when a party has sufficient notice and opportunity to make his defense.

18. Carriers—Award by Railroad Commission.—Section 829, Kentucky Statutes, and an award made thereunder, does not violate sections 2, 13, nor 14, of the constitution.

19. Carriers—Award by Railroad Commission.—A reparation award made by the Railroad Commission, under section 829, Kentucky. Statutes, does not violate section 4, of article IV., of the federal constitution.

20. Carriers—Charges—Regulation of Rates.—An extortionate charge by a carrier for transportation is illegal when exacted, and it does not become illegal, only, after the commission has found it to be extortionate, and fixed a lower rate.

21. Carriers—Award by Railroad Commission.—The enforcement of a reparation award or the rate order upon which it is based is not violative of section 218, of the constitution, in that it compels a discrimination denounced by that section of the constitution.

22. Carriers—Awards—Proceeding to Enforce.—The carrier can not require a plaintiff, in a proceeding to enforce a reparation award, to file copies of the proceedings before the commission, other than a copy of the award and the evidence heard, as the carrier may file copies of the other proceedings, if it desires same, in its defense.

23. Trial—Issue—Pleading.—In an ordinary action a party is not entitled to a trial upon the evidence or a jury, unless the pleadings make an issue and makes it necessary for the one holding the affirmative to support with evidence.

24. Carriers—Awards—Proceedings to Enforce.—In a proceeding to enforce an award made under section 829, Kentucky Statutes, it must be considered that the findings in the copy of the award amount to an allegation that the carrier has received from the shipper the amount of the award from extortionate charges, which the shipper has paid.

25. Trial—Issue—Pleading.—A party can not make an issue by alleging that he has not information sufficient upon which to form a belief as to whether or not he has received a sum of money, where it is alleged in the petition that he received it, and it is a matter necessarily within his knowledge.

C. H. MOORMAN and W. A. COLSTON for appellant.

J. VAN NORMAN and JOHN S. KELLEY, JR., for appellees.

OPINION OF THE COURT BY JUDGE HURT—Affirming judgment as to Greenbrier Distillery Company, and dismissing appeals as to others.

This appeal is from a judgment of the Jefferson circuit court, upon an award made by the Railroad Commission of Kentucky, against the Louisville & Nashville Railroad Company, in favor of the following parties, for the following sums, respectively, and with interest on the sums from August 10th, 1910, viz.: Greenbrier Distillery Company, the sum of $532.62; Early Times Distilling Company, the sum of $408.51; Mueller,

Wathan & Kobert, the sum of $400.77; S. Grabfelder & Co., the sum of $325.78; Willow Springs Distillery Co., the sum of $321.62; Wright & Taylor, the sum of $257.50; Taylor & Williams, the sum of $237.19; Eminence Distillery Company, the sum of $248.37; Old Grand Dad Distillery Co., the sum of $231.38; T. W. Samuels' Distillery, the sum of $123.42; The Warwick Distillery Company, the sum of $127.74; Burks Springs Distillery Company, the sum of $145.25; W. B. Samuels & Company, the sum of $58.81; M. C. Beam & Co., the sum of $57.42; Head & Parker, the sum of $44.80; Blair, Osborne & Ballard Distillery Company, the sum of $42.96; and Tom Moore Distillery, the sum of $44.51.

Each of the foregoing was a separate and independent judgment, in favor of the party for whose benefit it was rendered, and no one else had any interest therein or any control over the judgment. Each of the foregoing judgments, was a personal judgment and except the first named, was for a less amount than the sum of $500.00. The eight judgments last named were, each, for a sum less than $200.00. Section 950, subsections one, two and three, Kentucky Statutes, fix the amounts which must be in controversy before this court is authorized to entertain an appeal from the judgment of an inferior court. This court is not authorized, in any instance, to entertain or hear an appeal from a judgment for the recovery of money only when the amount in controversy is less than the sum of $200.00, exclusive of interest and costs. An appeal can not be taken to this court, as a matter of right, from a judgment for the recovery of money, if the amount, exclusive of interest and costs, in controversy, is less than the sum of $500.00, but, when the amount in controversy, exclusive of interest and costs, is as much as $200.00 and is less than $500.00, this court may grant an appeal from a judgment for the recovery of money, if upon an examination of the record it appears, "that the ends of justice require that the judgment appealed from should be reversed; or when the construction or validity of a statute or the construction of a section of the constitution is necessarily or directly put in issue and a correct decision of the case can not be had without passing on the validity of the statute or construing the section of the constitution or statute involved." When, in such case an appeal is sought, it can only be obtained in this

court and in the manner provided by subsection 3, of section 950, *supra,* and the rule of this court relating to that subject. The party desiring an appeal must file the record in the clerk's office of this court and enter his motion to be granted an appeal. The circuit court is without authority to grant an appeal from its judgment to this court when the judgment is for the recovery of money, only, and the amount in controversy is less than the sum of $500.00. The appellant has not sought any appeal in this court from the judgments in the circuit court against it, and hence this court can only dismiss the appeals from each of the judgments, except the one from the judgment in favor of the Greenbrier Distillery Company, which appeal the circuit court had authority to grant, as the amount in controversy between it and appellant exceeds the sum of $500.00. Oman-Bowling Green Stone Company v. L. & N. R. R. Co., 169 Ky. 832; Childers v. Ratliff, 164 Ky. 123; Gough v. I. C. R. R. Co.

It appears that the Greenbrier Distillery Company, which we will hereinafter call the appellee, as well as the other parties, the appeals from the judgments in whose favor have been as above stated, dismissed, made separate complaints, but at the same time, to the Railroad Commission, that the appellant had, theretofore and since the 25th day of March, 1910, been charging, collecting and receiving from them more than a just and reasonable compensation for the transportation to them, over its lines of railroad within the state of Kentucky, of certain commodities, which were used by them as materials in the manufacturing of liquors, at their respective places of operation, and sought awards in their favor against appellant in reparation of the damages sustained by them on account of such extortionate charges so made for the transportation of the commodities. The proceeding was based upon the provisions of Section 816, 819 and 829 of Kentucky Statutes.

Section 816, *supra,* is as follows:

"If any railroad corporation shall charge, collect or receive more than a just and reasonable rate of toll or compensation for the transportation of passengers or freight in this state, or for the use of any railroad car upon its track, or upon any track it has control of, or the right to use in this state, it shall be guilty of extortion."

Section 819, *supra,* among other things, provides, that when a railroad company shall be guilty of extortion that it shall be liable in damages to the party aggrieved for the damages sustained.

Section 829, *supra,* is as follows:

"The commission shall hear and determine complaints under sections 816, 817 and 818. Such complaints shall be made in writing, and they shall give the company complained of not less than ten days' notice of the time and place of the hearing of the same. They shall hear and reduce to writing all evidence adduced by the parties, and render such award as may be proper. If the award of the commission be not satisfied within ten days after the same is rendered, the chairman shall file a copy of said award and the evidence heard in the office of the clerk of the circuit court of the county, which, under the Code of Practice, would have jurisdiction of said controversy, and the clerk of said court shall enter the same on the docket for trial; and summons shall be issued, as in other cases, against the party against whom the award shall have been rendered, requiring said party to appear in the court, within the time allowed in ordinary cases, and show cause why said award shall not be satisfied. If such party fails to appear, judgment shall be rendered by default, and the same proceedings had thereon as in other ordinary cases. If a trial is demanded, the case shall be tried, in all respects, as other ordinary cases in which the same amount is involved, except that no evidence shall be introduced by either party except that heard by the commission, except such as the court shall be satisfied, by sworn testimony, could not have been produced before the commission by the exercise of reasonable diligence; the judgment and proceedings thereon shall be the same as in other ordinary cases."

Notice was given to appellant, as required by sections 829 and 820a, of the time and place of the hearing of the complaints, and the nature of the complaints and the matters to be investigated. The complainants and appellant appeared, with counsel; such arguments, statements and evidence was heard as either party desired to offer, and the evidence heard was reduced to writing. The complaints were, without objection, all heard together. It appeared from the statements received as evidence and the sworn testimony, that for

many years previous to the 25th day of March, 1910, the
appellant had charged and received a rate for the trans-
portation of the commodities used in manufacturing
liquors, from Louisville, Newport and Covington to the
sixteen different places at which the complainants con-
ducted their manufacturing establishments, and for the
transportation of the commodities to the complainants,
less than the rate charged other persons for the trans-
portation of like commodities to the same places, but on
March 25th, 1910, the special rate charged complainants
was withdrawn, and the same rates thereafter charged
other persons for the transportation of like commodi-
ties to the same places were imposed upon the commodi-
ties transported to the complainants.

The Railroad Commission arrived at the conclusion,
that the rates charged and received by appellant for the
transportation of such commodities to and from Louis-
ville, Newport and Covington to the places of the
establishments of complainants were extortionate, and
thereupon, as authorized by Section 820a, *supra,* made
an order, by which it fixed the rates of transportation
for the commodities in question to and from the places
of the plants of complainants and Louisville, Newport
and Covington, at the same as the special rate, which
had formerly been charged the complainants for the
transportation of the commodities from the three points
named to the places of their plants, but made the rates
apply to all persons who might receive or ship such com-
modities at such places, alike.     Under the provisions
of section 829, *supra,* the commission made an award,
against appellant and in favor of appellee and each of
the other complainants of the amounts, which each of
them had been charged and had paid, respectively, for
the transportation of said commodities received by them
from Louisville, Newport and Covington, in excess of
the rates fixed by the commission, since March 25th,
1910, when the increased rates, as to complainants, had
been put into effect.     Each award was a distinct one,
in favor of the party for whom it was made and was re-
presentative of his distinct interest, although all of the
awards were set out in the same writing, which was sub-
scribed by the commissioners.     The awards were made
upon the 10th day of August, 1910, and the appellant
having declined to pay or satisfy the awards, on the
12th day of October, 1914, certified copies of the awards

and the rate order, and the evidence heard before the commission, were filed in the office of the clerk of the Jefferson circuit court, and a summons was issued and served upon appellant, as by law is required in such cases. The summons set out separately the award in favor of each of the complainants.

The appellant moved to quash the return upon the summons upon two grounds: (1) Because the summons was not issued upon a petition, which stated the names of the parties and set out the cause of action; (2) because the awards sued on were several and not joint, and could not jointly be proceeded upon. The motion was overruled, to which the appellant excepted. In this ruling the court does not seem to have been in error. Section 829, *supra,* which controls the proceedings in such an action, does not require any petition to be filed as the basis of the action. It provides expressly that the summons issue upon the writing setting out the award, and provides that such writing shall be a sufficient basis for the action. I. C. R. R. Co. v. Paducah Brewery Co., 157 Ky. 357. A misjoinder of actions and of parties plaintiff is not a ground for quashing the service of a summons. Such an error in the proceedings must be corrected by a motion to require an election of which cause of action will be prosecuted and which party will prosecute same. Yeates v. Walker, 1 Duvall 84; Dean v. English, 18 B. M. 132; Wilson v. Thompson, 1 Met. 123; Pelley v. Bowyer, 7 Bush 513; St. Joseph Society v. Wolpert, 80 Ky. 86; Graziani v. Ernst, 169 Ky. 751.

The appellant demurred to the proceedings against it, and specially set out nine different reasons for the demurrer. The demurrer was overruled by the court, and properly so, but we will refrain from discussing the reasons for same, as the grounds of the demurrer are all embraced in the answer afterward filed by appellant, and to which a general demurrer was sustained, and the reasons for our opinion will be stated in determining the soundness of the judgment of the court below in sustaining the demurrer to the answer.

The answer contained nine separate paragraphs, and to which, as stated heretofore, a general demurrer was sustained, and the appellant declining to plead further, the judgment appealed from was rendered. The grounds of defense will be considered as far as they

attempted to present a defense to the cause of action of the Greenbrier Distillery Company, the judgment upon which being the only one from which appellant has an appeal.

(a)   In the first paragraph of the answer, it is alleged that section 829, *supra,* under the provisions of which, it is attempted to enforce the award, is violative of section 59, subsection 1, of the Constitution of Kentucky, in that an award of the Railroad Commission may be proceeded upon and a judgment rendered thereon without the complainant filing a petition and setting forth his cause of action, as is ordinarily required to be done. Section 829, *supra,* provides for the filing of a copy of the award, and the evidence heard before the commission in the clerk's office of the circuit court, which has jurisdiction of the action, according to the provisions of the Civil Code, the issual and service of a summons, and a trial of the cause as any ordinary action, but that no evidence shall be introduced except that heard before the commission, or such as the court shall be satisfied, from sworn testimony, could not have been produced before the commission by the exercise of ordinary diligence. This is not a local or special act, which regulates the jurisdiction, or the practice, or the circuits of the courts of justice or the rights, powers, duties or compensation of the officers of the courts, which the General Assembly has not power to enact by reason of the inhibition of section 59, subsection 1, of the constitution. The provisions of section 829 apply to all the circuit courts in the state, alike, in which the designated causes of action may arise and prescribes the procedure for all courts, having jurisdiction of the subject matter.

It is insisted that section 829, *supra,* invests the Railroad Commission with judicial powers, and in making an award, it exercises judicial powers, and for that reason the making of an award by it and the statute which authorizes it to do so, are void, as being in contravention of sections 27, 28, 109 and 135, of the constitution. Section 27, *supra,* provides that the powers of the government shall be divided into three distinct departments and confined to a separate body of magistrates: The legislative to one; the executive to another, and the judicial to another. Section 28 provides, that a person being of one of these departments shall not

exercise any powers belonging to either of the others, except in the instances expressly directed and permitted by the constitution. Section 109 provides that the judicial power shall be vested in the senate, when sitting as a court of impeachment, and in one supreme court and the courts established by the constitution. Section 135 provides that no court, except those provided for in the constitution, shall be established. The Railroad Commission, as an instrumentality of the government, was created in this state previous to the adoption of the present constitution by an act of the General Assembly. It was a creation of the legislative department of the government and so remained until the adoption of the present constitution, when, by section 209, of that instrument, it was made one of the permanent governmental agencies and was invested with such powers and duties as might be bestowed upon it by law, and until otherwise provided by law, it was granted such powers and jurisdiction, and was authorized to perform the same duties as it was authorized by law to exercise and to perform at the time of the adoption of the constitution. Among other powers and jurisdiction it then possessed, was to render awards in favor of persons against the railroad companies for extortion. Act of April 6th, 1882; as amended by act of March 7th, 1890; I. C. R. R. Co. v. Paducah Brewery Co., *supra*. The power to make an award, however, as it is provided that the Railroad Commission shall make awards on account of extortion, is not a judicial power, and in making an award it does not exercise judicial functions. It is true that the statute provides, that upon a complaint of extortion it is made the duty of the commission to give the party of whom complaint is made, notice for ten days, and to hear such arguments, statements and evidence as may be offered, and if it finds that the rates complained of are extortionate, to fix a just and reasonable rate, and the carriers must not then charge more than the rate so established. This, however, is the exercise of a legislative power, and the duty of making investigation of the causes of complaint, as a basis upon which to rest the needed legislation, is no more the exercise of a judicial power than a legislative body exercises when it makes an investigation to determine the necessary and proper legislation to right any sore, which is upon the body politic. In establishing rates, the commission is

an arm of the legislative branch of the government. The legislature has delegated to it so much of its authority as is necessary to be exercised in establishing rates for the common carriers. The railroads may charge and receive rates for the transportation of passengers and commerce subject to the laws of the land, and the legislature and its agency, the Railroad Commission, may require the railroads to charge and receive such rates as they may prescribe, provided the rates prescribed are not so unreasonably low as to be confiscatory. When the commission makes a reparation award it does not judicially determine anything. It gathers and preserves the evidence necessary upon which to base judicial action. It collates the facts and sums up the results from the basis from which it acts, and this is presented to a court for review, with ample opportunity for each party to have his day in court before the matter is determined, and the questions between the parties are determined alone by the court. The act of the commission in making a reparation award has no enforcible effect, until it is determined by the court, that its report of the results of its investigation is correct.

Further, while section 28, of the constitution, prohibits persons, who are of one of the three great departments of the government, from exercising any powers belonging to either of the others, it excepted the instances in which persons of one department are expressly directed or permitted by the constitution to exercise duties belonging to one of the other departpartments. Section 209 expressly authorizes the Railroad Commission to perform the duties, which it was empowered to perform, by existing laws at the time of the adoption of the constitution, until it should otherwise be provided by law. One of the duties imposed upon it, and which it had authority and jurisdiction to perform under the laws, which existed at the adoption of the present constitution, was to hear and determine claims for reparation and to order restitution by a carrier to a shipper of the amount charged and collected from the shipper by the carrier, in excess of the rate thereafter fixed by the commission as just and reasonable. This was an express holding by this court in I. C. R. R. Co. v. Paducah Brewery Co., 157 Ky. 363. It is, however, insisted that the Railroad Commission did not have such power at the time of the adoption of

the present constitution; that the statutes which then existed and which authorized such power, were void, as being in contravention of the constitution of 1850. A perusal of its provisions, however, fails to make manifest the soundness of this contention. Section 2, of the constitution of 1850, provided that persons being of one of the departments of the government should not exercise any powers properly belonging to either of the others, except in the instances expressly directed or permitted by the constitution. Section 1 of article IV., of the constitution of 1850, provided that the judicial power of the state should be vested in a supreme court, the courts established by the constitution and such other courts as the General Assembly might from time to time erect and establish.

(b)  The appellant, by various allegations in the various paragraphs of its answer, offered as a defense to a judgment the contentions that the rates which were charged appellee from March 25th, 1910, until August 10th, 1910, the date of the rate order and award, were not unreasonable or extortionate; that the rates prescribed by the commission on August 10th, 1910, were unreasonably low and confiscatory, and that upon such rates as a basis, the rates theretofore charged were deemed as extortionate, and that the award embraced the excess of the rates charged over the rates prescribed by the commission during the time the higher rates were in force; that the commission did not have before it any substantial evidence that the excess of the rates charged between March 25th and August 10th, 1910, over the rates fixed by the commission, was ever paid by appellee; or that appellee had been damaged because of the difference between the rates charged and those prescribed by the commission, and for such reasons the action of the commission was arbitrary.

To determine whether such averments or any of them in the answer presented a defense to the recovery of a judgment upon the award, it will be necessary to consider the nature of the power and acts of the commission in making the order, whereby the rates were established for the future, and the making of the award. As heretofore stated, the fixing of rates to be charged by a railroad carrier, in its intrastate commerce, is within the power of the legislative department of the government, within the constitutional limitations. The

right of the railroad to fix its own intrastate rates is subject to the laws of the state, if enacted in accordance with the provisions of the constitution. In the absence of any action by the legislature, by which rates have been prescribed, it can very well be seen how the question of the reasonableness of the rates could be a judicial one in a controversy between the carrier and shipper, and as to the rates which the carrier was entitled to charge and receive. When, however, the legislature exercises its power to establish rates, the act by which the establishment is effected becomes a law, which the courts have no other choice than to enforce, unless the legislature has exceeded its constitutional authority. The constitutional limitation placed upon the legislative authority, as to the establishment of rates for carriers in intrastate commerce, is, that the rates prescribed must not be such as to be confiscatory, and the courts have the inherent power, in a proper proceeding, to determine whether the rates prescribed by the legislature are confiscatory, and if so, to restrain the enforcement of the law. Other than this, the reasonableness or unreasonableness of rates prescribed by the legislative authority, or whether arbitrarily prescribed, is not a judicial question. It is manifest, that in a proceeding to enforce an award, which is based upon a rate prescribed by the legislative authority, the question of the reasonableness or unreasonableness of the rate prescribed as just and reasonable, or whether or not it was arbitrarily established, could not be a proper subject of judicial inquiry. It is readily apparent, that it would be utterly impracticable to permit the constitutionality of the law to be put to the test on every occasion, when an award based upon that law should be attempted to be enforced. Its constitutionality would depend upon whether or not the rates prescribed by it were confiscatory, and it is not to be reckoned, that in the enactment of section 829, of Ky. Statutes, that the legislature intended that in every case for the enforcement of an award, that a jury should be called upon to determine whether the rate prescribing law was or was not constitutional. Doubtless, upon one day a jury would hold the law to be valid and on the next day another jury would hold it to be unconstitutional and void. The Railroad Commission, in establishing a rate order, exercises a legislative power, which is delegated to it by the legislature, and its

act, if done in accordance with law, is a valid and enforcible act of legislation. McChord v. L. & N. R. R. Co., 183 U. S. 483; C., N. O. & T. P. Ry. Co. v. Interstate Commerce Commission, 167 U. S. 479  Hence, a rate charged in excess of that fixed by the commission was unlawful and extortionate. Hence, the reasonableness or unreasonableness or confiscatory character of the rate order, or the arbitrary conduct of the commission in establishing it, was not, in the proceeding in the court below, a subject of inquiry. L. & N. R. R. Co. v. Garrett, 231 U. S. 229. It is not intended, by the foregoing, to say that the carrier is without remedy against a confiscatory rate prescribed by the legislature, or a confiscatory or arbitrary rate order established by the Railroad Commission, as the courts have the power to relieve against such injustice, but the act of legislation must be assailed by an action for that purpose, as by a suit in equity, in a court having jurisdiction, which can for once and for all determine its validity. St. Louis & S. F. R. Co. v. Gill, 156 U. S. 649; Chicago, M. & St. P. R. R. Co. v. Minnesota, 134 U. S. 418; L. & N. R. R. Co. v. Garrett, 231 U. S. 229.

Neither did the averments of want of evidence before the commission to support its finding of the amounts paid by appellee to appellant for freight transportation between March 25th and August 10th, 1910, in excess of the rates prescribed by the commission; nor the want of evidence before the commission to establish that appellee suffered damages in the amount of the award, and for that reason the action of the commission was arbitrary and unlawful, constitute a defense to the recovery of a judgment upon the award, because it is clear, that the damages suffered was the amount paid for freights in excess of what was a just and reasonable rate, as established by the commission, and the amount so paid was a proper inquiry before the court below, if put in issue. The appellant does not complain, that it did not have the notice of the appellees' complaint and claim, or that it failed to have a hearing before the commission, or did not have opportunity to offer all the evidence it desired pertaining to the claim of appellee, or that the commission failed to preserve the evidence, or failed to comply with any of the requirements of section 829, *supra,* with reference to the claim, but only insists that the commission was not justified in making the

award upon the evidence offered. Section 829, *supra,* provides for a trial upon the issue as to whether or not the appellee had paid and appellant had received the sum awarded, and appellant could have had a trial before a jury upon this subject, if it had put it in issue.

(c) Section 820a Ky. Statutes, does not authorize the commission to fix a rate for the transportation of freights until it has given the carrier ten days' notice of the complaint, and of the time and place at which it will hear and consider same, and the nature of the complaint or matter to be investigated, and shall hear such statements, arguments and evidence which the parties offer and which the commission deems relevant, and if it decides that the carrier has been guilty of extortion, it then fixes a just and reasonable rate and gives the carrier notice of it. If the rate fixed is so low as to be confiscatory, the carrier may, in the way above indicated, have a review of the proceedings by a court, and if the action was based upon insufficient evidence and was thus arbitrarily done, it has its remedy.

Section 829 Ky. Statutes, provides that upon complaint made in writing of extortion against a carrier, the carrier shall have not less than ten days' notice of the time and place of the hearing. The commission shall hear and reduce to writing all evidence offered by the parties. If the award shall not be satisfied within ten days, a copy of the award and evidence heard shall be filed in the circuit court. A summons shall be issued and served upon the carrier, and it shall be required to appear and defend, if it desires, within the time allowed as in ordinary actions. If a trial is demanded, the trial shall be heard as in other ordinary actions. No evidence shall be heard except what was heard before the commission, or such as the court may be satisfied, from sworn testimony, could not have been produced before the commission by ordinary diligence. It is insisted by appellant, that because the statute limits the evidence which can be heard in the circuit court to that heard before the commission, or such as could not be had before the commission by ordinary diligence, renders the statute void, in that it denies to it the due process of law and the equal protection of the laws, as guaranteed by the 14th amendment to the Federal Constitution. That this contention is without merit, is manifest. It is impossible to discover in this proceeding any failure of

the equal protection of the laws, and "due process" is always had when the party has had sufficient notice and an opportunity to make his defense. The requirement complained of merely relates to the procedure in the court. A similar statute has been held to be not in violation of the 14th amendment of the Constitution of the United States by the United States Supreme Court, in the case of State of Washington v. Fairchild, 224 U. S. 510, and the statute complained of was held valid by this court in I. C. R. R. Co. v. Paducah Brewery Co., *supra.*

(d) It is contended that section 829, *supra,* and the act of the commission in making the award to appellee are both violative of sections 2, 13 and 14 of the constitution of Kentucky. The provisions of the statute, however, do not vest in the commission any absolute or arbitrary power over the property of carriers, as is denounced by section 2, *supra;* nor has the commission power by making an award, or otherwise, any authority to take property or to apply it to public use without the consent of the carrier, nor without just compensation being made to it as prohibited by section 13, *supra;* nor are the courts closed, nor any remedy denied by due course of law to appellant, as guaranteed by section 14, *supra.*

(e) It is, also, contended that the commission is without authority to make an award based upon past transactions, based upon a rate prescribed by the commission, and to do so, it exercises legislative, judicial and executive powers of an arbitrary nature, and in violation of section 4, article IV., of the Federal Constitution, and that section 829, *supra,* is violative of said provision. It is impossible to discern in what manner the act or an award under its authority could affect the republican form of government guaranteed by the constitutional provision mentioned, or wherein the commission exercises the functions alleged in making an award, which must be thereafter reviewed by a judicial tribunal before it becomes effective, or in what manner its action is of an arbitrary nature. It is contended that the rates exacted previous to the establishment of the rate order being legal, they can not thereafter be declared illegal so as to entitle the shipper to recover them to the extent they are determined to be extortionate. An extortionate charge by a carrier for transportation is illegal at the time it is exacted. It does not be-

come illegal after the commission has found it to be extortionate and fixed a lower rate, only. To require the commission to collect and preserve the evidence of its illegality, the amount wrongfully exacted, and to make an award for it, is only the procedure provided to enable its recovery. To charge an unreasonable and extortionate rate for the transportation of commodities by carriers was unlawful at the common law. There can be no recovery of anything wrongfully exacted, except it arise upon a past transaction.

(f) It is, also, claimed that the enforcement of the award, and the rate order upon which it is based, violates section 218 of the constitution, in that it compels a discrimination, which is denounced by that constitutional provision. The rates from and to the places embraced by the order and from and to the persons, who reside and do business at such places, are all within the control of appellant, and it is not required to make any discrimination. L. & N. R. R. Co. v. Garrett, 231 U. S. 229.

(g) Appellant insists, that although it did not satisfy the court, by sworn testimony, that it had any evidence which it did not offer before the commission, which it could not with ordinary diligence have produced before the commission, that it was entitled to a trial upon the evidence which was heard by the commission, and which was on file; that it demanded such a trial and was refused; that it, also, moved the court to require appellee to file the records of all the proceedings before the commission in court, along with the copy of the award and evidence, and that the court overruled its motion, to its prejudice. What records of the proceedings, which was before the commission, does not appear, neither does it appear what effect their filing would have upon the proceedings, in the case at bar. Suffice it to say, however, that the statute only requires a copy of the award and the evidence to be filed in the circuit court, and it is to be presumed that if any other of the records of the proceedings would have been useful upon the hearing in the circuit court, that appellant would have caused them to be filed there, as it had an equal opportunity and right with appellee to have done so, and no right to require the appellee to file them.

(h) It is elementary, that in an ordinary action, that a party is not entitled to a trial of his case upon

the evidence, unless the pleadings make an issue, ...iich makes it necessary for the party holding the affirmative to support with evidence. In a case of the character of the one at bar, it must be considered that the findings in the copy of the award amount to an allegation, that the carrier has received from the shipper the amount of the award from extortionate charges, which the shipper has paid. To make an issue, it would be necessary for the carrier to deny that the shipper had paid the sums in excess of the rates fixed by the commission, and which go to make up the award, or that it had received same, or if the award had been satisfied by the carrier, to so affirmatively allege. The denial of the answer, that appellant did not owe appellee the amount of the award or any part of it was only a conclusion of the pleader, and did not put anything in issue.

The averment in the answer, that it did not have knowledge or information sufficient upon which to found a belief, as to whether or not the amounts had been paid by appellee or received by it, was not sufficient under the well known rule, that a party can not put in issue by such a plea matters necessarily within his own knowledge. Hence, the pleadings charged appellant with having received from appellee the amounts of the award, in extortionate rates for transportation of freights, and there was no denial of it. Barrett, etc. v. Godshaw, 12 Bush 598; Wing v. Dugan, 8 Bush 583; Gridler, &c. v. Farmers' & Drovers' Bank, 12 Bush 133; Mt. Sterling v. First National Bank, 147 Ky. 376; Augustus v. Holt, 13 R. 8; McClure v. Biggstaff, 18 R. 601; Lucas v. Lucas, 18 R. 661.

Hence, the court did not err in sustaining the demurrer to the answer.

The judgment in favor of the Greenbrier Distillery Company is affirmed. The appeals from the judgments in favor of Early Times Distilling Company, Mueller, Wathan & Kobert, S. Grabfelder & Co., Willow Springs Distillery Co., Wright & Taylor, Taylor & Williams, Eminence Distillery Company, Old Grand Dad Distillery Co., T. W. Samuel's Distillery, The Warwick Distillery Co., Burks Springs Distillery Co., W. B. Samuels & Co., M. C. Beam & Co., Head & Parker, Blair, Osborne & Ballard Distillery Co., and Tom Moore Distillery, respectively, are dismissed.