## Railroad Commission et al. v. Northern Kentucky Telephone Company et al.

(Decided December 19, 1930.)

748

TRABUE, DOOLAN, HELM & HELM and E. D. SMITH for appellant.

TURNER & CREAL and M. J. HENNESSEY for appellee.

OPINION OF THE COURT BY JUDGE LOGAN——Affirming.

The Northern Kentucky Telephone Company is a corporation created and existing under the laws of the state of Delaware and authorized to engage in the business of owning and operating a system of telephones in the counties of Bracken, Mason, and Robertson in the state of Kentucky.

The Southern Bell Telephone & Telegraph Company is a corporation created under the laws of the state of New York, and is authorized to operate a system of telephone and telegraph lines and exchanges in the state of Kentucky and in other states.

The Northern Kentucky Telephone Company demanded of the Southern Bell Telephone & Telegraph Company that it make a physical connection through its switchboards with the lines of the first-named company, and that they receive and transmit each other's messages. This request was refused. The Northern Kentucky Telephone Company filed its petition and application with the Railroad Commission of Kentucky requesting it to enter an order directing the connection to be made, and that the messages of the respective companies be transmitted by the other without unreasonable delay or discrimination, and that it define the terms, conditions, and rates of tolls to be charged and the

division of the toll charges between the respective companies, and the cost of making such connection.

The Southern Bell Telephone & Telegraph Company intervened, and the Railroad Commission heard proof and entered an order denying the request of the Northern Kentucky Telephone Company in its entirety. In its final order it discloses many things wholly foreign to the questions presented to it. It assumed that it had a discretion to determine whether there should be a physical connection between the lines of the telephone companies, and, having decided on grounds too numerous to mention that the connection should not be made, it found it unnecessary to determine the terms and conditions which should apply if a connection should have been made.

The Northern Kentucky Telephone Company, conceiving that the Railroad Commission had entirely misconceived its duties and its powers, instituted an action in the Franklin circuit court to compel the Railroad Commission to enter an order requiring a physical connection and in such a way as to enable the subscribers, or patrons, of one of the telephone companies to talk over the lines of the other through the exchanges by means of the necessary mechanical arrangements. The Southern Bell Telephone & Telegraph Company again intervened and sought to uphold the findings of the Railroad Commission. After a consideration of the whole matter, the late Judge Williams of the circuit court entered a judgment granting the relief sought. That judgment is as follows:

"The Commission refused to grant the relief sought, on the ground that under the law it has a discretion and it found from the evidence that the detriment to the respondent would be disproportionate to the benefit to petitioner and that the relief sought was not warranted by public need.

"My view is that under Section 199 of the Constitution, the Railorad Commission has the discretion to fix the rates and charges but has no right or discretion to refuse to require the respondent company to receive and transmit petitioner's messages from or to counties other than Robertson."

It was the finding of Judge Williams that under the provisions of section 199 of the Constitution the Railroad Commission had no right, or discretion, to refuse a

physical connection between the lines of the two companies, but he found that it had authority to fix the rates and charges.

This appeal requires no more than the construction of section 199 of the Constitution of Kentucky and chapter 143 of the Acts of 1912, now sections 4679f-1 to 4679f-4, Ky. St. There is no room for doubting that section 199 of the Constitution of Kentucky requires telephone companies operating exchanges in different towns, or cities, or other public stations, to receive and transmit each other's messages without unreasonable delay or discrimination. It was the intention of that section that telephone companies falling within the provisions should make such physical connection as might be required so that a message originating on the lines of one company might be transmitted over the lines of the other company through such mechanical arrangements as might be found necessary to enable the carrying of the message. There is no question of public demand or of taking the property of another, or any of the other many questions suggested in brief for appellants. When the lines are connected, the service must be accepted over the lines as they are at the time. If a person desires to use the facilities of a telephone company, he approaches the booth or other place provided and makes his wants known, and he is connected with the person whom he desires to reach. If a man has access to the facilities of one telephone company, but cannot get to the person that he desires to talk to without his message passing over the line, or lines, of another company he makes his wants known to the company he is in contact with and that company puts his message over the lines of the company on which the message originates and through the exchange of the other company and over its lines, such as they are. There is no material difference in the methods of operation. In one instance the person desiring to telephone goes directly to the facilities of the company the lines of which he desires to use and makes his request there. In the other instance, that is, where he is not in direct contact with the line or lines over which his message must pass, he telephones his request in through the instrumentality of another telephone line, and it is accepted and transmitted by the connected line in the same manner as if it had originated on the second line.

While it is true that telephone companies are common carriers of messages, yet the stranger is entitled

only to such services as the telephone company has to offer, and so it is when another telephone obtains connection. This may not apply to those who have contracts with the particular telephone company for service and would not apply where there were statutory regulations. The connection between telephone lines as contemplated by section 199 of the Constitution of Kentucky is a mechanical union of the lines for the transmission of messages for the public convenience and without destroying the property rights of either company. The rules and regulations for making the mechanical connection are what the Railroad Commission must work out under the provisions of the statute above cited.

The judgment of the lower court expressed, with brevity, the duties of the Railroad Commission. It has no discretion under the sections of the Constitution and the Statutes, supra, except as to the rules and regulations. When a message originates on one line and is transmitted over it and another line or lines, it is required that a division of the toll charges be distributed between, or among, the lines on a basis that is fair and equitable. The Railroad Commission is the body vested with the authority to determine such a matter. There may be some cost of making the mechanical union, although in the case before us it appears that such cost would be insignificant, and the commission may determine who shall pay the cost of making the physical connection. It is possible that there could be such a condition existing that one of the telephone companies could not carry messages of the other without interfering with the transmission of the messages of its customers. In such a case there might be some regulation to be made by the Railroad Commission. There may already be physical connection between two telephone companies and one may ask for connection at another point, and in such a case the Railroad Commission may be vested with certain duties in the determination of the question of another connection. So the Constitution means that, when a good-faith telephone company makes a request that it have physical connection with another such company, the Railroad Commission is without authority to refuse a connection whereby messages may be transmitted over the respective lines. The rules and regulations controlling the matter of tolls and other details after the connection is made must be worked out by the Railroad Commission. No questions of taking property without due process of law,

752

or kindred matters, call for determination in the case before us, as the Railroad Commission failed to perform its first duty about which it had no discretion.

· The Railroad Commission is a ministerial body, and, if it fails to perform its duties, it may be compelled by mandamus to do so. We have reached these conclusions briefly expressed from a consideration of the constitutional and statutory provisions involved and the many cases found annotated and discussed in 11 A. L. R. 1204, and 16 A. L. R. 352.

Judgment affirmed.

Whole court, except Judge CLAY, sitting.