# Railroad Commission of Kentucky et al. v. Northern Kentucky Telephone Co.

(Decided Dec. 13, 1932.)

LESLIE W. MORRIS and MYERS & HOWARD for appellants.

M. J. HENNESSEY and C. C. TURNER for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

454

The appellee, Northern Kentucky Telephone Company, operates a telephone exchange in Augusta and has about 380 subscribers. The Kentucky State Telephone Company also has an exchange there with about 80 subscribers. The appellant Citizen's Telephone Company furnishes long distance service to the Kentucky State Telephone Company with Cincinnati and territory west and northwest of Augusta. This service is over two circuits, extending south to Brooksville; thence northwest to Lenoxburg; thence west to Butler where the Citizens' Telephone Company has an exchange; thence one circuit northwest to Covington and Cincinnati. The lines in Bracken county, until they reach a point near Lenoxburg in Pendleton county, are owned by the Kentucky State Telephone Company. The balance of the line is that of the Citizens' Telephone Company.

After the decision of this court, reported in Railroad Commission et al. v. Northern Kentucky Telephone Co., et al., 236 Ky. 747, 33 S. W. (2d) 676, holding that this appellee had the constitutional right to have a physical connection with the lines of the Southern Bell Telephone & Telegraph Company to the south and southeast of Augusta, it erected a new line, about fifteen miles long, west to Lenoxburg, and sought to have a physical connection at that point with the lines of the Citizens' Telephone Company for long distance purposes. It applied to the Railroad Commission of Kentucky for an order compelling such connection to be made. After a hearing, the commission denied such right, except that the Northern Kentucky Telephone Company pay the cost of a new circuit on the line of the Citizens' Telephone Company, a distance of nine miles, to Butler, where a connection should be made; or, in the alternative, that the connection should be made in Augusta between the two telephone exchanges of the Northern Kentucky Telephone Company and the Kentucky State Telephone Company. It appears from the record that the Citizens' Telephone Company and the Kentucky State Telephone Company, which seem to be closely allied, had previously offered to make a connection between the exchanges in Augusta for long distance calls, but that offer had been declined because such connection would result in trans-

ferring all, or practically all, of the tolls to the competing lines.

The appellee was not satisfied with either option given it by the Railroad Commission, and instituted mandamus proceedings in the Franklin circuit court to require the members of the Railroad Commission to set aside their order and direct a physical connection made at Lenoxburg. The court sustained their prayer and the Citizens' Telephone Company and the Railroad Commission bring this appeal.

Section 199, Kentucky Constitution, provides that owners of telephone lines within the state shall have the right to connect same with other lines, and such companies shall receive and transmit each other's messages without unreasonable delay or discrimination, the companies being declared common carriers and subject to legislative control. The General Assembly was therein directed to provide by general laws reasonable regulations to give full effect to the constitutional section. Pursuant to that mandate, sections 4679d-1 et seq., of the statutes have been enacted. Those sections provide for a physical connection between telephone lines of different companies upon reasonable terms, just compensation being paid. The Railroad Commission is given jurisdiction of the matter and the procedure is prescribed. These constitutional and statutory provisions were construed in Railroad Commission v. Northern Kentucky Telephone Co., supra, and the interpretation need not be repeated.

The Citizens' Telephone Company concedes that the appellee is entitled to a physical connection with its lines under these authorities. It is contended, however, that the judgment setting aside the order of the Railroad Commission and directing that a physical connection be made at Lenoxburg deprives it of its property without due process of law. On the general proposition it seems sufficient to recall that the proceeding was had in accordance with the provisions of the Constitution of Kentucky. "The Railroad Commission is a constitutional administrative body (section 209, Constitution of Kentucky), exercising quasi judicial functions, but without judicial power. The efficacy of its awards is dependent upon the judgment of a court of competent jurisdiction." Southern Railway v. Frank-

fort Distillery Co., 233 Ky. 771, 26 S. W. (2d) 1025, 1027, certiorari denied 282 U. S. 868, 51 S. Ct. 75, 75 L. Ed. 767. The processes of law have been invoked and observed. The parties have been heard. There has been a judicial determination of this matter. Louisville &. N. R. Co. v. Greenbrier Distillery Co., 170 Ky. 775, 777; 187 S. W. 296. The judgment makes ample provision for compensation for the use of the lines of the appellant, which, of course, held its property subject to the application at any time of the constitutional and statutory provisions to which we have referred.

But it is argued that neither the commission nor the circuit court had power to compel a connection at any point on the appellant's line, but must regard its wishes or convenience. In support of this argument the case of Louisville & N. Railroad Co. v. Central Stock Yards Co., 212 U. S. 132, 29 S. Ct. 246, 53 L. Ed. 441 is cited. That held that it was not the duty of a carrier of goods to accept cars of a competing road at any arbitrary point on its line. Other similar authorities are also cited. This proposition, we think, resolves itself into the question whether or not in the first instance the order of the Railroad Commission was an abuse of discretion and arbitrary, and in the second instance whether the judgment of the trial court is of like character and without reasonable justification under the facts. As will be developed, the court is of the opinion that the conclusion and judgment are reasonable and proper.

We do not regard as applicable the cases cited by appellant holding in effect that, if the order to make a physical connection required the expenditure of money of the party objecting or the surrender of the use of its own property, the order would be equivalent to the taking of property, and its validity could not be sustained merely because opportunity to be heard had been given.

This conclusion will also take care of the point made by the appellant that mandamus was not a proper proceeding inasmuch as it was controlling the exercise of discretion on the part of the Railroad Commission. The writ of mandamus is a purely statutory remedy, allowed under sections 474, 478, Civil Code of Practice. Its nature and objects have been repeatedly

defined. It has often been declared that the writ should never be used or granted for reviewing or controlling the actions of a ministerial officer or administrative tribunal, charged by law with the exercise of discretion in the performance of its necessary functions, unless that discretion has been abused or exercised arbitrarily or corruptly. Northern Kentucky Mutual Telephone Co. v. Bracken County, 220 Ky. 297, 295 S. W. 146; Groover v. City of Irvine, 222 Ky. 366, 300 S. W. 904; Commonwealth v. Minor, 195 Ky. 103, 241 S. W. 856. Its use under similar circumstances and for like purposes was recognized in Railroad Commission v. Northern Kentucky Telephone Co., supra.

The point at which the appellant desires to make the connection at Lenoxburg appears prima facie to be a logical and convenient one. It seems to us that the Citizens' Telephone Company ought to have shown affirmatively some good reason why it should not be made at that place. The substance of its objections is that one of the two circuits between Augusta and Cincinnati by way of Brooksville, Lenoxburg, and Butler is a through long distance line and the other an intercounty line, serving calls to and from Falmouth, Williamstown, and other points, and also constitutes a reserve line for Cincinnati. Lenoxburg is an isolated hamlet and there is no telephone exchange there. While there would be no delay or interference with its business by calls out of Augusta over its lines, there would be an interference by incoming calls, as it would require interception of all messages by the operator at Butler, who would have to hold them up until it could be ascertained which of the two lines to Augusta served the person being called. At present, these lines come straight through to Augusta without in any way being intercepted at Butler. If the necessity of intercepting the incoming calls adds to the burdens of the company, it is something to be regarded in making the regulation and fixing the compensation. It is not made clear to us why the same condition would not exist if the connection were made at the Butler exchange where the appellant is willing that it should be made if the appellee will pay the cost of a new nine-mile line to that point, about $900. The same is true as to the Augusta exchange except the matter of expense.

The tie-in at Lenoxburg can be made at an expense of not over $2.

It stands admitted that appellant's line carries eight or nine long distance calls a day to and from Augusta, and that the facilities are amply sufficient to care for all of the service of both companies in that city. The evidence does not prove, in our judgment, that there would be any impairment in the service except as might arise by the interception of the Butler operator.

It seems to us, as it did to the circuit court, that in requiring the appellee to pay the entire cost of a nine-mile line to Butler, about $900, or to practically abandon its fifteen-mile line from Augusta to Lenoxburg and to go back and connect up at Augusta, thereby effectually depriving it of any part of the long distance tolls, instead of ordering the connection made at Lenoxburg, the Railroad Commission's order was of an unreasonable and arbitrary character, authorizing and demanding the judicial intervention.

The Kentucky constitutional provision respecting connections of telephone lines of different companies is different from those in some other Constitutions, in that it does not require that public convenience and necessity must demand the connection. The physical connection and mutual transmission of messages are positively enjoined by the Constitution and the discretion vested in the commission is a limited one. It is the matter of detail which the commission must see is worked out without destroying property rights of either company, and in doing so reasonable regard must be had for all of the factors and elements entering into making the connection. Railroad Commission v. Northern Kentucky Telephone Co., supra. The judgment takes care of the matter of conditions and compensation.

It is said that a connection at Lenoxburg would destroy the property of the Kentucky State Telephone Company, as it would be a taking of its line without process of law, since that company was not a party to the proceedings before the Railroad Commission or the circuit court. No connection with that company's property was sought and the tie-in is on the line of the Citizens' Telephone Company. Whether so or not, the

Kentucky State Telephone Company is making no complaint and cannot be affected by the decision.

Wherefore the judgment is affirmed.