CITY OF MIDDLESBORO et al. v. LOUIS-
VILLE & NASHVILLE R. CO. et al.
(two cases).

Court of Appeals of Kentucky.
Nov. 7, 1952.

Arthur Rhorer, Middlesboro, G. E. Reams, Harlan, for appellant.

Leslie Morris, Frankfort, C. S. Landrum, Lexington, M. B. Holifield, Asst. Atty. Gen., for appellee.

DUNCAN, Justice.

In accordance with the provisions of KRS 276.480 the appellee, Louisville & Nashville Railroad Company, on October 10, 1950, filed its application with the Railroad Commission of Kentucky for authority to discontinue its passenger trains 11 and 12 affording passenger service between Pineville, Kentucky, and the Kentucky-Tennessee state line.

After hearing the application, the Commission found that the service involved was being operated at a substantial loss and that there was no reasonable probability for economic improvement of this condition. Discontinuance of the service was authorized, effective July 1, 1952, upon

twenty day notice to the Commission and the public generally.

On May 30, 1952, attested copies of the report to the Commission, its conclusions, findings and order were received by the attorneys representing the appellants who had appeared as protestants before the Commission.

On June 9, 1952, the City of Middlesboro filed in the Franklin Circuit Court what is denominated as a petition, but was essentially an attempted appeal from the order of the Commission. A number of grounds not necessary to enumerate were set out in the petition and it prayed that the Court require the filing of the record made before the Commission; grant the City a trial upon the merits of the application and set aside and cancel the order of the Commission. The Louisville & Nashville Railroad Company and the individual members of the Commission were named defendants.

On June 25, 1952, a second action was filed in the Franklin Circuit Court against the Railroad Company seeking to enjoin the cessation of the passenger service mentioned in the application pending the final determination of the first action in the Franklin Circuit Court or any court to which that action might be appealed. Amended petitions were subsequently filed in both actions, naming as additional plaintiffs various individuals and organizations interested in a continuation of the passenger service.

The actions were heard before the court on June 30, 1952. Special demurrers were sustained in both actions and the motion for an injunction was denied in Action No. 2. The cases are here on appeal and have been consolidated in this court.

Because of the conclusions which we have reached, it will not be necessary to discuss any of the several grounds upon which appellants seek to set aside the order of the Commission. One of the grounds alleged was fraud and collusion on the part of the majority of the members of the Commission and the attorneys representing the applicant. Without discussing at length the facts charged as constituting such fraud, we may say that there is in our

opinion no basis whatever for such a charge and the record does not sustain the slightest implication supporting it.

This leaves the single question of whether or not an appeal or petition for review will lie from the order of the Commission in this type proceeding.

The Railroad Commission is a constitutional body created by Section 209 of our state Constitution. There is no provision of the Constitution or statute, express or implied, providing for an appeal from the orders of the Commission. Neither is there provision for a judicial review of their official action, except in instances in which the Commission invokes the aid of the court in the enforcement of its awards or orders.

No plenary powers are given the Commission and the only means it has of enforcing its awards or orders is by invoking the aid of the court to that end. Such a proceeding is authorized by KRS 276.370. The proceeding contemplated by the statute is one instituted by the Commission in instances where the parties against whom the award or order is made have not indicated their willingness to comply with the order. In such actions the findings of the Commission are prima facie evidence as to the facts found and no additional testimony may be introduced by the opposing party unless the court finds that the testimony could not have been introduced before the Commission. Such a proceeding was involved in Southern Ry. Co. of Kentucky v. Frankfort Distillery Co., 233 Ky. 771, 26 S.W.2d 1025.

The present action is not one by the Commission to enforce its order, but is one seeking to prevent compliance with an order legally made under specific statutory authority.

It is significant that prior to the adoption of the present Constitution the Railroad Commission existed by reason of a statute which expressly provided for an appeal from its orders. Bullitt & Feland General Statutes of 1888, Section 19, Art. 1, Subd. 6, Chapter 90a, page 1028. The fact that the framers of the Constitution omitted the right of appeal and that all sub-

sequent legislatures have failed to provide for it, compels us by a familiar rule of construction to assume that the omission was deliberate and intentional. It is, of course, elementary that the right of review or appeal is one of grace only and does not exist as a matter of right. McInteer v. Moss, 144 Ky. 667, 139 S.W. 842.

In the hearing before us the Commission was proceeding in a legislative rather than a judicial capacity. Louisville & N. R. Co. v. Greenbrier Distillery Co., 170 Ky. 775, 187 S.W. 296; Louisville & N. R. Co. v. Garrett, 231 U.S. 298, 34 S.Ct. 48, 58 L.Ed. 229; Prentis v. Atlantic Coast Line R. Co., 211 U.S. 210, 29 S.Ct. 67, 53 L.Ed. 150.

The services required of a common carrier railroad are those fixed by the Legislature, either in the charter or by the general law applicable to all carriers as a class, and the Commission in this instance was conducting a legislative inquiry of the facts. The fact that the hearings and deliberations are conducted in a manner similar to that of judicial bodies does not change the fundamental character of the proceeding. Legislative committees may, and usually do, conduct hearings in forms similar to judicial inquiries, but it has never been insisted that such committees are thus transformed and lose their legislative identity.

Appellants insist that this court has recognized the right of judicial control of the Commission in Railroad Commission v. Northern Kentucky Telephone Co., 236 Ky. 747, 33 S.W.2d 676, and Railroad Commission v. Northern Kentucky Telephone Co., 247 Ky. 453, 57 S.W.2d 63. There the telephone company had a constitutional and statutory property right to have a connection between its lines and those of another company. It was the constitutional and statutory primary duty of the Railroad Commission to order the connection if it could be made. When the Commission declined to make the order, it was properly directed by the court to perform the act required by the Constitution and statute.

The right to passenger service is not a property right. Appellants have

no constitutional, statutory or contractual right in themselves to have passenger service performed for them by the railroad company. The Commission in acting upon the application was proceeding in a matter in which it was required by law to act. It is only when a body such as the Commission has acted in disregard of the fundamental rules of due process, and has denied a person a legal private right or estate to which he is clearly entitled that the courts will interfere. The record here does not present such a situation and it is clear that the lower court had no jurisdiction of the attempted appeal or review. The special demurrers were properly sustained.

Judgment affirmed.